UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNZ INSURANCE SOLUTIONS, LLC,

    Plaintiff,

v.                                                 Case No. 8:23-CV-2517-SDM-CPT

DOCKS SUTHERLAND, ET AL.,

    Defendants.

_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on Tuesday, March 25, 2025. The counsel attending the conference included:
- Jason L. Margolin, Esq., counsel for plaintiff.
- Christopher S. Carver, Esq., counsel for plaintiff.
- Keenan Molaskey, Esq., counsel for plaintiff.
- Heather DeGrave, Esq., counsel for defendant (Mr. Altschuler)
- Scott M. Hare, Esq., counsel for defendants (Mr. Harvey & Mr. Sutherland)
- Matthew R. Lasky, Esq., counsel for defendants (Mr. Harvey & Mr. Sutherland)

Paige Greenlee, Esq., appeared on April 15, 2025, as counsel for the entity defendants (WorkCentric, LLC; WorkCentric 2, LLC; WorkCentric 3, LLC; Embraceor, LLC; WC TopCo, LLC; and WC Container, LLC). Following her appearance, Ms. Greenlee joined in the proposed schedule below.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for defendants to respond to the Complaint by motion or answer | 4/28/2025 |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/28/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 5/8/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br><br>Plaintiff<br>Defendants<br>Rebuttal | <br><br><br>8/1/2025<br>8/15/2025<br>9/5/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/19/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/17/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Robert M. Daisley, Esq. (who mediated this case previously on 11/30/2023) | 9/12/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/24/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/14/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 12/1/2025 |

2

| | |
|---|---|
| Month and year of the trial term. | December 2025 |

The trial will last approximately two to four days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

**PLAINTIFF:** Sunz Insurance Solutions, LLC ("Sunz") sues the entity defendants for breach of several agreements executed as part of a large-deductible workers' compensation insurance program administered by Sunz and covering employees of the entity defendants (the "WC Entities"). Sunz sues the individuals defendants for breach of guaranty (Sheldon Altschuler), breach of fiduciary duty (Docks Sutherland) and aiding and abetting the breach of fiduciary duty (David Harvey). Sunz maintains that the United States Bankruptcy Court for the District of Delaware, recently dismissed by a now-final order dated March 13, 2025 (Bankr. Doc. 266, Case No. 24-10040, has already resolved substantially all of the disputed issues; consequently, this action is not complex.

**DEFENDANTS SUTHERLAND AND HARVEY:** Sutherland and Harvey (the "Non-Guarantor Defendants") deny owing any fiduciary duties to Sunz, and anticipate filing a motion to dismiss. To the extent they remain parties to this action, they further anticipate filing counterclaims, cross-claims and third-party claims. The Non-Guarantor Defendants disagree that the rulings in the bankruptcy case have preclusive effect as to them, and therefore disagree that this action is "substantially resolved" and non-complex as it relates to them and the claims by and against them.

**DEFENDANT ALTSCHULER:** Altschuler denies liability and the amount of Plaintiff's claim. Further, Altschuler anticipates filing crossclaims and third-party complaints. Altschuler disagrees that the rulings in the bankruptcy case have preclusive effect in this case.

**DEFENDANTS WORKCENTRIC, LLC; WORKCENTRIC 2, LLC; WORKCENTRIC 3, LLC; EMBRACEOR, LLC; WC TOPCO, LLC; AND WC CONTAINER, LLC:** WorkCentric, LLC; WorkCentric 2, LLC; WorkCentric 3, LLC; Embraceor, LLC; WC TopCo, LLC; and WC Container, LLC (the "Entity Defendants") admit the authenticity of the contracts attached to the Complaint and acknowledge the rulings in the bankruptcy case, which are final. The Entity

Defendants lack sufficient knowledge to contest any liability beyond the amount the Entity Defendants agreed was due and owing to Sunz in the Forbearance Agreement and Pledge Agreement.

4. **Disclosure Statement**

   ☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

4

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: Plaintiff's claims and any individual Defendant's defenses.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No.
      ☐ Yes; describe the issue(s).

   E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Jason L. Margolin*
**Akerman LLP**
Jason L. Margolin, Esq.
Attorney for Plaintiff, Sunz Insurance Solutions, LLC

*/s/ Heather A. DeGrave*
**Walters Levine DeGrave**
Heather A. DeGrave, Esq.
Attorney for Defendant, Sheldon Altschuler

*/s/ Scott M. Hare*
**Raines Feldman Littrell LLP**
Scott M. Hare, Esq.
Attorney for Defendants, Docks Sutherland and David Harvey

*Paige A. Greenlee*
**Greenlee Law PLLC**
Paige A. Greenlee, Esq.
Attorney for WorkCentric, LLC; WorkCentric 2, LLC; WorkCentric 3, LLC; Embraceor, LLC; WC TopCo, LLC; and WC Container, LLC

80997714;1