UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNZ INSURANCE SOLUTIONS, LLC,

    Plaintiff,

v.                                              Case No. 8:23-CV-2517-SDM-CPT

DOCKS SUTHERLAND, ET AL.,

    Defendants.
_____

**JOINT MOTION TO DISMISS BY
DEFENDANTS DOCKS SUTHERLAND AND DAVID HARVEY**

    Defendants Docks Sutherland and David Harvey, through their undersigned counsel, hereby file this Motion to Dismiss pursuant to Rule 12, subsections 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

    1.    The Complaint filed by Plaintiff SUNZ Insurance Solutions, LLC ("SUNZ") names as Defendants, *inter alia*, Docks Sutherland ("Sutherland") and David Harvey ("Harvey"). (ECF No. 1).

    2.    The Complaint asserts a single count for breach of fiduciary duty as to Sutherland (*See* ECF No. 1 at Count VI). The Complaint asserts a single count for aiding and abetting breach of fiduciary duty as to Harvey, which is predicated on the claim as to Sutherland. (*See* ECF No. 1 at Count VII).

3. SUNZ alleges in its Complaint that it was a creditor of various of the entity defendants ("Entity Defendants") while they were in the zone of insolvency, and that therefore Sutherland as a controller of various of the Entity Defendants owed SUNZ a fiduciary duty. SUNZ alleges that Sutherland breached this purported duty by causing unspecified Entity Defendant(s) to preferentially pay certain other creditors of the Entity Defendants. SUNZ alleges that Harvey aided and abetted this purported breach of fiduciary duty through unspecified means.

4. Count VI of the Complaint for breach of fiduciary duty must be dismissed because: (1) Defendant Sutherland owed SUNZ no fiduciary duty; (2) the alleged preferential payments do not constitute a breach of duty; (3) SUNZ's allegations of duty and breach are impermissibly vague and conclusory.

5. Count VII of the Complaint for aiding and abetting breach of fiduciary duty must be dismissed because: (1) the underlying claim for breach of fiduciary duty (which is an element of aiding and abetting) must be dismissed; (2) SUNZ fails to plead knowing participation; (3) officers cannot aid and abet one another in the commission of a tort.

6. SUNZ also asserts various claims against the Entity Defendants. (*See* ECF No. 1 at Counts I–IV). However, since SUNZ now exercises control the Entity Defendants, its SUNZ's claims against entities it controls constitute collusive litigation over which the Court lacks subject-matter jurisdiction.

WHEREFORE, it is respectfully requested that this Honorable Court enter an order granting Defendants' Motion to Dismiss. Further, and in support of this Motion,

the Defendants refer this Honorable Court to the Memorandum of Law attached hereto and by reference made part hereof.

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

Although the procedural history of this case is undeniably circuitous, the issues raised by this Motion as to Defendants Docks Sutherland and David Harvey are straightforward and governed by well-settled law. This dispute arises from an intricate workers' compensation insurance program with large deductibles, loss fund requirements, multiple corporate entities, and a pledge agreement that SUNZ argues permitted it to take control of the Entity Defendants in October 2023. SUNZ alleges that in the lead-up to its takeover of the Entity Defendants, those entities were insolvent and that therefore Defendant Sutherland owed SUNZ (as a creditor) fiduciary duties.

However, the Court need not wade too deeply into these complex allegations, as SUNZ's claims against these individual Defendants rest on a simple legal theory that Delaware law explicitly rejects:[1] that corporate controllers and officers owe direct fiduciary duties to creditors of allegedly insolvent entities. The Delaware Supreme Court definitively addressed this question in *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 102 (Del. 2007), holding that "individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims for

---

[1] As discussed below, SUNZ's claims are governed by Delaware law.

breach of fiduciary duty against corporate directors." (Emphasis in the original.) The Eleventh Circuit has embraced this "clear guidance," confirming that "directors and officers do not owe a fiduciary duty to creditors, even after insolvency." *Mukamal v. Bakes*, 378 F. App'x 890, 898 (11th Cir. 2010). This settled law is dispositive both of SUNZ's claim that Sutherland breached his fiduciary duty to it, and that Harvey aided and abetted same.

Even setting aside this insurmountable legal barrier, SUNZ's Complaint suffers from additional fatal deficiencies. With respect to the claim for breach of fiduciary duty, SUNZ pleads only purported preferential payments, which is not a breach of any duty. Further, SUNZ's allegations of breach are insufficient because they are pleaded only "upon information and belief," and fail to identify any specific preferential transfer from a specific Entity Defendant to a specific payee, or that Sutherland owed the specific transferor Entity Defendant any duty. With respect to the claim for aiding and abetting breach of fiduciary duty, the claim fails because (1) the underlying breach claim must be dismissed; (2) no knowing participation is pleaded; and (3) SUNZ has alleged that Harvey aided and abetted within the scope of his duties as an officer of unspecified Entity Defendants, which forecloses a claim for aiding and abetting. Therefore, Counts VI and VII must be dismissed with prejudice.

Finally, since SUNZ now exercises complete control over the Entity Defendants, its litigation against them in the form of Counts I through IV are collusive and do not present a true case or controversy. Therefore, this Court lacks subject-matter jurisdiction over these claims and they must be dismissed.

## II.  FACTUAL BACKGROUND

Accepting the allegations of the Complaint as true for purposes of this Motion only, the Complaint alleges that SUNZ acted as the appointed managing general agent ("MGA") with respect to workers' compensation insurance policies issued to Defendants Embraceor, LLC, WorkCentric, LLC, WorkCentric 2, LLC, and WorkCentric 3, LLC (collectively "WorkCentric"). (ECF No. 1 at ¶ 32). WorkCentric operates as a professional employer organization ("PEO"). (ECF No. 1 at ¶ 40.) As the MGA, SUNZ billed and collected all money due under the insurance policies at issue, including premium, loss fund, and deductible reimbursements. (ECF No. 1 at ¶ 33.)

The insurance arrangement included a large deductible component, whereby WorkCentric assumed responsibility for the first $500,000 of each workers' compensation claim. (ECF No. 1 at ¶¶ 58–67.) To secure this obligation, WorkCentric agreed to maintain a "Loss Fund" from which SUNZ would pay claims within the deductible layer. (ECF No. 1 at ¶¶ 70–71.) The Loss Fund was to be derived from a formula involving a multiple of open case reserves and incurred expenses. (ECF No. 1 at ¶ 72.)

In one of many allegations that oversimplify, lump together, or outright ignore the distinctness of the corporate entities at issue in this case, SUNZ incorrectly asserts

5

that "Sutherland purchased WorkCentric from Sheldon Altschuler."[2] (ECF No. 1 at ¶ 82.) SUNZ alleges that, subsequently, "WorkCentric's financial position began to decline and WorkCentric sought accommodations and forbearances from SUNZ." (ECF No. 1 at ¶ 83.) SUNZ's allegations reflect that, beginning in 2023, SUNZ began to increase its requirement for WorkCentric to contribute to the Loss Fund. (ECF No. 1 at ¶ 96.)

As WorkCentric's Loss Fund deficit worsened, throughout 2023 WorkCentric and SUNZ renegotiated their financial arrangement through several successive agreements described in the Complaint. These agreements are largely irrelevant for purposes of this Motion, and save for one of them (the Pledge Agreement executed on October 11, 2023 ("Pledge Agreement")), Sutherland was never a party to them in his personal capacity. (ECF No. 1 at Ex. 10.) Indeed, other than the specific Pledge Agreement signed on October 11, 2023 (which is one of several Pledge Agreements involving the Entity Defendants), Sutherland was not a signatory of any of the agreements at issue in this case.

The Pledge Agreement is not relevant to the legal issues currently before the Court, though it provides context. Therein, SUNZ alleges that Sutherland (along with the other obligors) granted SUNZ a "continuing first priority security interest" in the Pledged Collateral, which included the obligors' interests in WC Container LLC, WC

---

[2] Though this Motion does not rely on this fact, for the Court's context, WorkCentric LLC was in fact transferred from Altschuler and merged into WC Merger Sub 1 LLC (a subsidiary of Defendant WC TopCo LLC) by virtue of an August 14, 2021 Agreement and Plan of Merger.

TopCo LLC, Embraceor LLC, WorkCentric, LLC, WorkCentric 2, LLC, and Workcentric 3, LLC ("Obligors"). (ECF No. 1 at Ex. 10, p. 29.)

Days later, on October 18, 2023, SUNZ declared a default under the Pledge Agreement.[3] (ECF No. 1 at ¶ 143.) Subsequently, SUNZ alleges that the Obligors "upon information and belief, have been making disbursements to benefit Defendant Docks Sutherland or to pay preferred unsecured creditors. . . ." (ECF No. 1 at ¶ 150.) Amongst these alleged transfers, SUNZ alleges that these Defendants caused the transfer of over $1 million to a separate entity owned by Docks Sutherland. (ECF No. 1 at ¶ 151.) SUNZ alleges that WorkCentric continues to owe it tens of millions of dollars. (ECF No. 1 at ¶ 156.)

Though the Complaint asserts claims against the Entity Defendants (which SUNZ now purports to control) arising from the parties' various complex financial arrangements, the Complaint asserts narrow (albeit vague) claims against Defendants Sutherland and Harvey. SUNZ alleges that Sutherland "owed a duty to SUNZ, a secured creditor of the insolvent Pledgors, because Docks Sutherland is the ultimate owner and officer of the Pledgors and because he executed the Pledge Agreement as an Obligor." (ECF No. 1 at ¶ 203.) SUNZ alleges that Sutherland breached this duty

---

[3] SUNZ purports to have subsequently taken control of WorkCentric under the Pledge Agreement, and purports to have named a different entity as WorkCentric's (and the other related entities') manager. (SUNZ Motion to Lift Stay, ECF No. 28 at ¶¶ 22–23.) While SUNZ alleges that a bankruptcy court found this to be a proper exercise of its rights under the Pledge Agreement on April 1, 2024, Defendants dispute the scope of the ruling and deny that it is applicable or preclusive in this Court, particularly as to the Defendants. (See ECF No. 28 at ¶¶ 23–24.)

by "engaging in self-interested transactions, making material misrepresentations and omissions, and wasting assets of the defendant entities." (ECF No. 1 at ¶ 204.)

Similarly, SUNZ alleges that Harvey aided and abetted this purported breach of fiduciary duty. (ECF No. 1 at ¶ 212.) SUNZ pleads no specific knowledge or scienter on Harvey's part, but instead essentially pleads that by virtue of his position as "President of the defendant entities," he must have known of "Sutherland's actions." (ECF No. 1 at ¶ 209.) *See also* ECF No. 1 at ¶ 212 ("Based upon his full access to the Pledgor's business records, SUNZ's frequent business dealings with David Harvey, who was acting on behalf of the Pledgors, executing documents on behalf of the Pledgors, and relaying responses from and following the instructions of Docks Sutherland, David Harvey knew of Docks Sutherland's actions. . . .").

## III.   ARGUMENT

### A.   Delaware Law Governs

As to the claims against Sutherland and Harvey, Delaware law must govern. SUNZ's respective claims for breach of fiduciary duty and aiding and abetting of same are quintessential claims relating to the "internal affairs" of the Entity Defendants. *See Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) ("The fiduciary duties owed to a corporation by its officers and directors concern the internal affairs of a corporation."). "The Florida Business Corporation Act provides that the internal affairs of a corporation are governed by the laws of the state of incorporation." *Id.* at 897. (citing Fla. Stat. § 607.1505(3)). Indeed, the Act "does not authorize [the State of Florida] to regulate the organization or internal affairs of a foreign corporation

8

authorized to transact business in this state." *Id.* (quoting Fla. Stat. § 607.1505(3)). Additionally, the Restatement (Second) of Conflict of Laws "provides that the internal affairs of corporations are governed by the laws of the state of incorporation." *Id.* (citing Restatement (Second) of Conflicts of Laws §§ 302–9 (1971).

Here, each of the Entity Defendants are Delaware limited liability companies, and therefore any claims arising from their internal affairs are governed by Delaware law.[4] Further, breach of fiduciary duty claims brought by creditors are still subject to, and as discussed below, barred by, Delaware law. *Id.* at 897–98 (dismissing creditors' claim for breach of fiduciary duty under Delaware law).

### B. SUNZ's Breach of Fiduciary Duty Claim Must Be Dismissed (Count VI)[5]

#### 1. Sutherland Owed No Duty to SUNZ

##### a. Sutherland Owed No Duty to SUNZ as a Creditor

The Supreme Court of Delaware has held that creditors cannot assert claims for breach of fiduciary duty against an insolvent debtor's directors. *See N. Am. Cath. Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007). In *Gheewalla*, the plaintiff, just as SUNZ here, invited the Court to "recognize a new direct right for creditors to challenge directors' exercise of business judgments as breaches of the

---

[4] SUNZ alleges that each of the Entity Defendants are Delaware limited liability companies. (ECF No. 1 at ¶¶ 21–26.) Therefore, although the Complaint is exceedingly vague as to which Entity Defendant(s) SUNZ alleges made preferential payment, it is clear that any possible claim must be governed by Delaware law.

[5] To the extent SUNZ's Count VII against Harvey (styled as "Aiding and Abetting Breach of Fiduciary Duty") is construed to include a claim for breach of fiduciary duty, these same arguments would apply in favor of Harvey.)

9

fiduciary duties owed to them." *Id*. at 99. However, the Court declined the plaintiff's proposed expansion of fiduciary duties, noting that it would "create uncertainty for directors" and "create a conflict between those directors' duty to maximize the value of the insolvent corporation for the benefit of all those having an interest in it, and the newly recognized direct fiduciary duty to individual creditors." *Id*. at 103. Therefore, the Court held that "individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims for breach of fiduciary duty against corporate directors."[6] *Id*. (Emphasis original). In *Mukamal*, the Eleventh Circuit recognized *Gheewalla* as "clear guidance on this issue," and upheld dismissal of a breach of fiduciary duty claim because "directors and officers do not owe a fiduciary duty to creditors, even after insolvency. . . ." 378 Fed. App'x at 898. In short, SUNZ has not pleaded that Sutherland owed it a fiduciary duty as a creditor, requiring dismissal of Count VI.

      **b.**  **Sutherland Owed SUNZ No Duty Under the Pledge Agreement**

SUNZ summarily asserts that Sutherland owed it a fiduciary duty "because he executed the Pledge Agreement as an Obligor," but this has no basis in the Pledge Agreement. SUNZ cites nothing in the Pledge Agreement that purports to create a fiduciary duty, and indeed a review of the document reveals that no such duty can be found anywhere therein. In fact, Sutherland only signed the Pledge Agreement as to

---

[6] There are several reasons why a derivative claim would be inappropriate and subject to dismissal. Defendants reserve the right to move for dismissal of such a claim on any grounds in the event SUNZ amends its complaint.

10

Sections 1 and 5.[7] (*See* Dkt. 1 at Ex. 10, p. 27.) Section 1 sets forth the nature of the pledge of the Pledged Collateral and does not discuss the creation of any duties, fiduciary or otherwise. (*Id*. at p. 19.) Section 5 discusses representations and warranties of the parties, and does not discuss the creation of any duties, fiduciary or otherwise. (*Id*. at p. 21.) Because the Pledge Agreement does not make Sutherland a fiduciary of SUNZ, therefore, no claim for breach of fiduciary duty claim can be sustained.

### 2. Preferential Payment is Not a Breach of Duty

SUNZ alleges that Sutherland breached his fiduciary duty by causing preferential payments to issue; however, even taking the allegation as true for purposes of this Motion, this does not constitute a breach of fiduciary duty. See *Mukamal*, 378 Fed. App'x. at 899 (dismissing breach of fiduciary claim under Delaware law where plaintiff alleged preferential payments). In *Mukamal*, the Eleventh Circuit upheld dismissal of a similar claim for preferential payment. However, the court found that it was insufficient to allege "injury only to the Debtors' creditors." *Id*. at 900. Instead, the plaintiff "must allege facts that indicate either [the company] or its minority shareholders, not [the company]'s creditors, were injured by the action of the Individual Defendants." *Id*. Similarly, here, SUNZ has failed to allege that WorkCentric or its members were damaged by Sutherland, and therefore SUNZ has failed to plead a breach of fiduciary duty.

---

[7] To be clear, the remainder of the Pledge Agreement (apart from Sections 1 and 5) does not purport to impose a fiduciary duty either.

11

### 3. SUNZ's Allegations of Breach are Conclusory and Vague

SUNZ's allegations of breach are pleaded only "upon information and belief," and are too vague to be sustained. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, on a motion to dismiss a court does "not have to take as true allegations based merely 'upon information and belief." *Smith v. City of Sumiton*, 578 F. App'x 933, 936 n.4 (11th Cir. 2014). *See also Jones v. Unity Behav. Health, LLC*, 2021 WL 5495578, at *3 n.1 (11th Cir. Nov. 23, 2021) ("Because that conclusory assertion [pleaded upon information and belief] is not backed up by any factual allegations, we don't accept it as true in reviewing the dismissal of these claims.").

Here, SUNZ's allegations are merely conclusory and need not be accepted as true. SUNZ makes two allegations, *both pleaded only "upon information and belief"*: (1) that Obligors "have been making disbursements to benefit Defendant Docks Sutherland or to pay preferred unsecured creditors," and (2) that Sutherland and/or Harvey caused the transfer of over $1 million to a separate entity owned by Docks Sutherland. (ECF No. 1 at ¶¶ 150–151.) However, these allegations are insufficient. The first contains no specific factual allegations whatsoever, but instead vaguely assert that unspecified disbursements have been made. This is exactly the type of allegation that was dismissed in *Smith* and in *Jones*. Similarly, the second allegation is devoid of essential facts: it does not indicate which of the distinct WorkCentric entities made the

purported transfer, and therefore fails to identify a specific WorkCentric entity as to which Sutherland purportedly owed a duty.[8] Also, it is likewise only pleaded "upon information and belief" that there was no benefit to WorkCentric, and identifies no reason why this alleged transfer was anything other than payment for a valid debt of one of the Entity Defendants. Without actual facts pleaded, the Court need not accept this allegation as true.

SUNZ's inability to plead any specific factual allegations of breach is particularly glaring given that SUNZ took over control of the WorkCentric entities on October 18, 2023. In other words, SUNZ has had access to the underlying financial records for eighteen months and, nonetheless, is unable to substantiate *any* wrongdoing beyond threadbare allegations pleaded upon information and belief. Dismissal is proper.

### C. SUNZ's Claim for Aiding and Abetting Breach of Fiduciary Duty Must Be Dismissed (Count VII)

#### 1. The Court Must Dismiss the Predicate Count VI, and Therefore Must Also Dismiss the Dependent Count VII

If the Court dismisses the underlying allegation of a breach of fiduciary duty, it must also dismiss the aiding and abetting claim arising from these same allegations. Under Delaware law, in order to state a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary relationship, (2) that the fiduciary breached its duty, (3) that a defendant, who is not a fiduciary,

---

[8] Indeed, SUNZ does not plead that Sutherland held any position at any of the Entity Defendants.

knowingly participated in the breach, and (4) that damages to the plaintiff resulted from the concerted action of the fiduciary and the non-fiduciary." *Mukamal*, 378 Fed. App'x. at 902 (citing *Gotham Partners L.P. v. Hallwood Realty Partners, et al.*, 817 A.2d 160, 172 (Del. 2002)). Therefore, since there is no underlying breach of fiduciary duty, a count for aiding and abetting cannot be sustained. *Id*. (upholding dismissal of aiding and abetting count "[b]ecause the underlying breach of fiduciary duty claims fail[ed]," and therefore "the claims that Wellspring and the Individual Defendants aided and abetted those breaches must follow suit.")

### 2. SUNZ Fails to Plead Knowing Participation

The "knowing participation" element of aiding and abetting requires a plaintiff to plead "facts making it reasonably conceivable that the defendant knowingly supported a breach of duty *and* that his resulting assistance to the primary actor constituted substantial assistance in causing the breach." *Blatt v. Goldner*, 2024 WL 4228433, at *9 (S.D. Fla. Aug. 21, 2024), *report and recommendation adopted*, 2024 WL 4225481 (S.D. Fla. Sept. 18, 2024) (quoting *In re Oracle Corp. Derivative Litig.*, 2020 WL 3410745, at *10 (Del. Ch. June 22, 2020)). Here, *at best*, SUNZ pleads in a conclusory matter that Harvey must have known of Sutherland's purported breaches of duty because Harvey had "full access" to WorkCentric's business records, "execut[ed] documents on behalf of" the WorkCentric entities, and "relay[ed] responses from and following the instructions of Docks Sutherland." (*See* ECF No. 1 at ¶ 212.) However, these allegations fall significantly short of showing that Harvey "knowingly supported" a breach of fiduciary duty, let alone showing that Harvey's purported

14

support constituted "substantial assistance in causing the breach." Therefore, this claim must be dismissed.

### 3. Officers and Agents Cannot Aid and Abet Each Other in the Commission of a Tort

SUNZ has pleaded itself out of Court by pleading that Harvey acted in his capacity as an officer of the WorkCentric entities in purportedly aiding and abetting a breach of fiduciary duty to the WorkCentric entities. "Generally, a corporation cannot be deemed to have conspired with its. . . officers or agents." *RGIS Int'l Transition Holdco, LLC v. Retail Servs. Wis Corp.*, 2024 WL 568515, at *5 (Del. Super. Ct. Feb. 13, 2024). Further, "officers and agents cannot aid and abet their principal or each other in the commission of a tort." *Id*. (quoting *Largo Legacy Grp., LLC v. Charles*, 2021 WL 2692426, at *18 (Del. Ch. June 30, 2021)). In contravention of this limitation to aiding and abetting claims, SUNZ's allegations of aiding and abetting arise exclusively from Harvey's acting as an officer for the WorkCentric entities. As discussed above, SUNZ's only allegation here is that Harvey had to have known of Sutherland's purported preferential payments because of Harvey's position with the WorkCentric entities. (*See* ECF No. 1 at ¶ 212.) Yet this is precisely the type of allegation that was dismissed in *RGIS Int'l*. 2024 WL 568515 at *6 (dismissing aiding and abetting count where complaint describes defendants "acting *within* their capacities as CEO and CFO of the Selling Entity Defendants while purportedly perpetrating a fraud against RGIS.").

### D. The Court Lacks Subject-Matter Jurisdiction Over SUNZ's Collusive Claims Against the Entity Defendants

There can be no adversity between SUNZ and the Entity Defendants (over which it exercises control), and therefore there is no justiciable case or controversy as to Counts I through IV. (SUNZ Motion to Lift Stay, ECF No. 28 at ¶¶ 22–24.) "A motion to dismiss based on a lack of subject matter jurisdiction under Rule 12(h)(3). . . may be raised by any party at any time." *Altadis USA ex rel. Gulf Life Ins. Co. v. NPR, Inc.*, 2004 WL 444539, at *2 (M.D. Fla. Feb. 5, 2004). Where there is "no adversity of legal interests, among plaintiffs and defendants, as required by Article III of the Constitution," a court lacks subject-matter jurisdiction and must dismiss the litigation. *Winthrop Intel. LLC v. Harvard Cider Co., LLC*, 2021 WL 288764, at *1 (D. Colo. Jan. 28, 2021). *See also Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 603, 605 (7th Cir.2013) (noting a lack of federal district court subject matter jurisdiction due to lack of a case or controversy, when the plaintiff and the defendant agreed on all of the major legal issues). Because SUNZ has alleged that it exercises control over the Entity Defendants, there is no adversity, and therefore SUNZ's litigation against the Entity Defendants must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, this Honorable Court should enter an order dismissing Counts VI and VII of SUNZ's Complaint with prejudice pursuant to Rule 12(b)(6), and dismissing Counts I, II, III, IV of SUNZ's Complaint with prejudice pursuant to Rule 12(b)(1).

Dated: April 28, 2025 Respectfully Submitted,

*/s/ Thomas J. Francella, Jr.* _____

**Thomas J. Francella, Jr., Esquire**
Florida Bar No. 37479
**Scott M. Hare, Esquire**
(Admitted *Pro Hac Vice*)
**Matthew R. Lasky, Esquire**
(Admitted *Pro Hac Vice*)

RAINES FELDMAN LITTRELL LLP
433 Plaza Real, Suite 275
Boca Raton, FL 33432
T: (302) 772-5805

TFrancella@raineslaw.com
SHare@raineslaw.com
MLasky@raineslaw.com

*Attorneys for Defendants Docks Sutherland and David Harvey*