# EXHIBIT 2



# 2023

# Loss Fund Management Agreement

Presented to:

# Embraceor, LLC

<u>Effective Date of Agreement</u>:  January 1, 2023

## LOSS FUND SUMMARY

**Insurance Company:**                    **SUNZ INSURANCE COMPANY**

| | |
|---|---|
| Estimated Manual Premium | $8,833,365 |
| Loss Fund | 66.00% of Manual Premium |
| Loss Fund Deposit | $0 |
| **Due at Binding** | **$0** |
| **Estimated Post Bind Funding:**<br>Est. Weekly Loss Fund Installments as a % of Manual Premium | 66.00% of Manual Premium |
| **Deductible Reimbursement Payments:    Will be deducted from Loss Fund** | |

DocuSign Envelope ID: 63B70CD6-51E6-4F61-8508-CB9B41A2A3BC

| Program Owners & Insureds[1] | Embraceor, LLC; WorkCentric, LLC; WorkCentric 2, LLC; and WorkCentric 3, LLC |
|---|---|
| Program Owner Address | 1900 Reston Metro Plaza, Suite 600, Reston, VA 20190 |
| Program Effective Date | January 1, 2023 |

These binding terms and conditions constitute Your Loss Fund Management Agreement ("Agreement") and sets forth Your loss fund payment obligations related to Your deductible workers' compensation insurance policy ("Your Insurance Program"). The terms You or Your shall mean Program Owners as defined above.

Sunz Insurance Solutions, LLC ("Sunz") has been appointed the Managing General Agent ("MGA") by Sunz Insurance Company.

This Agreement shall become effective as of the Program Effective Date set forth above.

This Agreement is based solely on information and data You provided to us. You should inform Sunz promptly of any deficiencies identified in Your Insurance Program so an effort can be made to address them. Sunz will not be responsible for any such deficiencies. If there is any further or additional information relevant to the matters contained in this agreement, please make sure to provide those to Sunz so this Agreement reflects accurately all relevant information.

If any term or condition in this Agreement contradicts or is inconsistent with a stated term or listed condition in an insurance policy, the term or condition of the insurance policy will prevail.

**Adjustment Basis:**

Your loss fund will be a percentage of manual premium that will be determined in accordance with the approved rating plan and policy (the "Loss Fund").

**Payroll Reporting Obligations:**

For purposes of calculating the Loss Fund, weekly or monthly submission of Your payroll on a timely basis depending on our agreement, is a mandatory condition of Your Insurance Program. Failure to submit payroll as Sunz requires and as we agreed shall be deemed a breach of this Agreement

Sunz does not provide legal or accounting advice, You have not relied on any such information from Sunz, and You have relied on Your personal legal, insurance and accounting consultants in reviewing and accepting Your Insurance Program. Further, You agree You will, in all regards, seek the advice and opinion of Your own attorneys, accountants, and consultants in the administration of Your Insurance Program.

These terms and conditions that govern your Loss Fund obligations apply to the entirety of Your Insurance Program.

### A.    GENERAL CONDITIONS AND DEFINITIONS

This Agreement is made as of the Program Effective Date. This Agreement is binding and effective as between You and Sunz Insurance Solutions, LLC. You agree Your duties and obligations under this Agreement are joint and several in nature by, between, and among the Program Owners.

---

[1] Included as a "Program Owner" shall be any subsequent entity endorsed as an additional named insured to any insurance policy(ies) where such subsequent entity, under NCCI's experience rating plan or the experience rating plan of the applicable rating bureau, may be deemed combinable with the listed Program Owners set forth herein.

DocuSign Envelope ID: 63B70CD6-51E6-4F61-8508-CB9B41A2A3BC

Loss Fund is a mandatory part of this insurance program.  Failure to pay Loss Fund as required shall be considered a material misrepresentation that may result in cancellation of your insurance policies.

1. <u>Definitions</u>

    The following terms have a special meaning in this Agreement and in Your Insurance Program.  All defined terms should be equally applicable to both the singular and plural of any of the terms herein defined.

    a. <u>Allocated Loss Adjustment Expense ("ALAE")</u> is as defined in the filed and approved large deductible endorsement(s) that forms a part of Your Insurance Program.

    b. <u>Claim</u> is defined as set forth in the large deductible endorsement that forms a part of Your Insurance Program.

    c. <u>Loss Fund</u> is defined as security for Your Obligations that You are required to provide to Sunz pursuant to this Agreement and which is acceptable to Sunz in form, content, issuer and amount.

    d. <u>Loss or Losses</u> is defined as set forth in the large deductible endorsement that forms a part of Your Insurance Program.

    e. <u>Outstanding Loss Reserves</u> is defined as set forth in the large deductible endorsement that forms a part of Your Insurance Program.

    f. <u>Paid Losses</u> is defined as set forth in the large deductible endorsement that forms a part of Your Insurance Program.

    g. <u>Parties</u> refers to You and Sunz collectively, and <u>Party</u> refers to either You or Sunz individually as the case may be.

    h. <u>Sunz</u> means Sunz Insurance Solutions, LLC.

    i. <u>Ultimate Incurred Losses</u> is defined as set forth in the large deductible endorsement that forms a part of Your Insurance Program.

    j. <u>You</u> and <u>Your</u> mean and include the Program Owners set forth above and each of Program Owners' affiliates, divisions, subsidiaries, general partners and/or limited partners who are a named insured on any insurance policy issued pursuant to this Insurance Program.

    k. <u>Your Obligations</u> are set forth in the large deductible endorsement that forms a part of Your Insurance Program.

2. <u>Collection Costs and Damages</u>:  Within ten (10) days of demand for payment, you shall reimburse Sunz for any and all costs and expenses, including, but not limited to, attorneys' fees incurred by Sunz in connection with the collection or enforcement of any of Your Obligations to Sunz.  In addition, with respect to any of Your Obligations to Sunz that remain outstanding beyond a stated due date, You agree Sunz may charge You interest on that obligation.  If Sunz chooses to exercise this option, interest shall accrue daily at the prime rate of interest plus 200 basis points in effect daily at J. P. Morgan Chase & Co, 270 Park Avenue, New York City, New York 10017-2070, though such interest shall not exceed the highest rate allowed by law, from the date of our demand for payment until the date Sunz receives payment in full.

3. <u>Payment Terms</u>:  You agree to pay each bill, invoice or request for Loss Fund submitted to You in accordance with the payment terms set forth in such bill, invoice or request for payment.  If no payment terms are stated on such bill, invoice, or request for payment, such payment shall be due within ten (10) days of the date of such bill, invoice, or request for payment.

4. <u>Right of Offset</u>:  Sunz may offset any balance due by You under this Agreement against any of Your funds Sunz holds whether or not any demand was made under this Agreement.

5. [omitted]

6. <u>Default</u>:

    a. Default occurs when You fail to perform within ten (10) days after its due date any obligation You have to Sunz.  Default may also arise upon the occurrence of any of the following:

        1. The commencement of liquidation or dissolution proceedings, Your general failure to pay debts as they become due, Your insolvency, general assignment by You for the benefit of creditors, the filing by or against You of any petition, proceeding, case or action under the provisions of the United States Bankruptcy Code or other such law relating to debtors, the appointment of, or the voluntary or involuntary filing for a petition for the appointment of, a receiver, liquidator, rehabilitator, trustee, custodian or similar official to take possession or control of any of Your property; or

        2. Failure to pay any amount when due arising under this Agreement including Your obligation to maintain the Loss Fund as set forth in this Agreement; or

        3. Failure to perform any obligation or to satisfy any requirement as established by Sunz under this Agreement; or

        4. Failure to deliver the Loss Fund within the time period specified or failure to continue to maintain the Loss Fund or any renewal, replacement, supplement or amendment thereof as required under this Agreement; or

        5. Your making a misrepresentation to, or breaching any representation You have made, either orally or in writing, to Sunz, including the submission of inaccurate or intentionally misleading information; or

        6. The discovery of any material inaccuracy or incompleteness in any representation, warranty or condition precedent You make in connection with this Agreement or any payment obligation You may have under this Agreement; or

        7. You undertake to pay claim expenses, including attorneys' fees or healthcare expenses, directly on claims that have not been reported.

    b. If default occurs, Sunz may take reasonable and appropriate steps necessary to protect its interest, including but not limited to the following:

        1. Declare the entire unpaid amount of any payment obligation immediately due and payable; or

        2. Draw upon, liquidate, or take ownership of any or all of the Loss Fund, escrow funds amount, collateral, or any money Sunz holds regardless of the form, and hold or apply such amounts to any of Your payment obligations under this Agreement.  However, Sunz will not draw upon, liquidate, or take ownership of more than reasonably necessary to protect Sunz' interest or recover the amount owed; or

        3. Require You to deliver to Sunz additional Loss Fund, escrow funds amount, or money, including any amendment to any letter of credit or an additional letter of credit or other additional Loss Fund.  Such other and additional Loss Fund shall be paid in cash.  You must deliver payment to Sunz within ten (10) days of Your receipt of a written notice from Sunz; or

        4. Where permitted by law, cancelling any Insurance Policy issued pursuant to Your Insurance Program.

    c. Default occurring under Section 6(a) may be cured, as determined by SUNZ in its sole discretion,  within the following cure periods:

        1. Ten (10) calendar day cure period, from the date of default, for the non-payment of funds due; or

        2. Thirty (30) calendar day cure period, from the date of default, for all other matters.

7. <u>Miscellaneous</u>:

a. <u>Integration Clause</u>. This Agreement, including the Quotation Agreement, Guaranty, Security Agreement and any amendments thereto, constitutes the final, complete, and exclusive statement of the terms of the Agreement between the parties pertaining to the subject matter of this Agreement and supersedes all prior and contemporaneous understanding(s) or Agreement(s) of the parties whether in written or oral form. It is to be read, understood, and interpreted in conjunction with the concurrent Quotation Agreement.

b. <u>Modification</u>. This Agreement may be changed only by agreement between the Parties, as evidenced by a written addendum to this Agreement, duly executed and signed by the authorized representatives of each Party.

c. <u>Third Party Benefit</u>. Nothing in this Agreement, except as expressly stated herein, is intended to create any benefit for any third party.

d. <u>Severability</u>. If any clause, paragraph, term, or provision of this Agreement is held or declared void or otherwise unenforceable by any arbitrator, court or other tribunal of competent jurisdiction, the same shall be deemed severed, and such holding or declaration shall have no effect upon this Agreement which shall otherwise continue in and be given full force and effect.

e. <u>Survival</u>. The obligations and duties of the parties to this Agreement shall survive the termination of Your Insurance Program, except as may be specifically described in this Agreement.

f. <u>Non-Waiver</u>. Forbearance, neglect or failure by Sunz to enforce any provision of this Agreement shall not be construed as a waiver of any rights or privileges hereunder. Irrespective of the fact that past behavior did not precipitate strict adherence to the terms and conditions of this Agreement, the terms and conditions of this Agreement may be strictly enforced at any time.

g. <u>Assignment</u>. Neither this Agreement nor any rights, duties or obligations under this Agreement may be assigned or delegated by either Party without the prior written consent of the other Party.

h. <u>Notification</u>. All notices hereunder must be in writing, unless specified otherwise, and shall be deemed to have been duly given if delivered by hand or overnight mail or if mailed first class or certified mail, return receipt requested, postage and registry fees prepaid, and addressed as follows:

> **If to YOU**:
> Name of Company:      Embraceor, LLC
> Address:              1900 Reston Metro Plaza, Suite 600
> City, State ZIP Code   Reston, VA 20190
> <u>Attention</u>:           Sheldon Altschuler
> <u>Email Address</u>:       sheldon@workcentric.com
>
> **If to Sunz**:
> Sunz Insurance Solutions, LLC
> 1301 6th Avenue West
> Bradenton, FL 34205
> <u>Attention</u>: General Counsel

Addresses may be changed by written notice to the other Party signed by the addressee. Written notice provided via first class or certified mail shall be deemed received three (3) calendar days after the date it was sent, overnight mail shall be deemed received the day after it was sent, and hand-delivered notice shall be deemed received the date delivered. In the event original service of process is sought to be given, notice may only be accomplished by personal service upon the registered agent for service of process for the party.

i. <u>Negotiated Agreement</u>. This Agreement has been negotiated by the Parties and the fact that the initial and final draft shall have been prepared by Sunz shall not be used in any form in the construction or interpretation of this Agreement or any of its provisions.

j. <u>Headings</u>.  The headings used have been inserted for convenience and do not constitute matters to be construed or interpreted in connection with this Agreement.

k. [Omitted]

l. Each Party will have the duty to cooperate with the other in the event of any inquiry or investigation by a governmental agency investigating a complaint brought by any employer covered under this Agreement. Such duty will survive the termination of this Agreement.  Program Owner agrees to cooperate as needed for any State licensing and/or registration requirements.  Program Owner further agrees to cooperate as needed for compliance with any additional State statute, regulation, examination, enforcement, or other requirement not aforementioned or referenced above or below.  Such duties will survive the termination of this Agreement.

m. No Party shall be liable in damages for any failure, delay or default in the performance of its obligations hereunder if such failure, delay or default is caused directly or indirectly by conditions beyond its reasonable control including, but not limited to, fire, flood or any other "acts of God", and/or any other cause beyond the reasonable control of the Party whose performance is affected.

n. <u>Remedies Cumulative</u>.  The rights and remedies, as provided herein, in relevant statutes, and in related insurance policies, shall be cumulative and concurrent, may be pursued separately, successively or together, may be exercised as often as occasion therefore shall arise, and shall be in addition to any other rights or remedies conferred at law or in equity.  The failure, at any one or more times, to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.  Sunz shall have the right to take any action deemed appropriate without the necessity of resorting to any collateral securing obligations owed to it under this Loss Fund Management Agreement or any related insurance policy issued to Program Owners.

8. <u>Dispute Resolution</u>:  This Agreement shall be governed solely by, and interpreted and construed exclusively in accordance with, the laws of the State of Florida, without regard to the choice of law provisions thereof, and including, but not limited to, applicable statutes of limitation except as otherwise provided in this agreement. The prevailing Party in any proceeding arising out of or concerning this Agreement shall be entitled to reimbursement by the other Party of its reasonable costs and expenses, including, without limitation, court costs, attorney's fees, paralegal fees, expert witness fees, and other legal expenses incurred in connection with any such matter, whether in an arbitration, trial court, or appellate proceeding.

a. In the event of any controversy or claim arising out of or relating in any way to this Agreement or the breach or alleged breach hereof, each Party irrevocably agrees to submit the matter to mediation, which mediation shall be a condition precedent to any demand for arbitration.  Each Party shall bear its own costs and expenses for mediation.  The costs of the mediator shall be borne equally by each Party.  The Parties shall confer and agree upon a mutual mediator.

b. In the event mediation does not resolve the matter, the Parties shall submit the dispute to binding arbitration.  The arbitration shall be administered and conducted by a single arbitrator selected by agreement between the Parties.  The Party seeking arbitration shall submit a written demand for arbitration to the other Party.  If the Parties cannot select an arbitrator within three (3) weeks of delivery of the written demand for arbitration, the Party seeking arbitration shall request that the American Arbitration Association (AAA) identify a panel of arbitrators and oversee the selection process for the arbitrator, who must be an attorney with experience in the insurance field.

c. Any arbitration proceeding shall be initiated by the complaining Party serving a written demand for arbitration upon the other Party.  The written demand shall contain a detailed statement of the matter and facts supporting the demand and include copies of all related documents.  Arbitration shall be held in Bradenton, Florida.

d.  The arbitration shall be conducted pursuant to the then-current AAA arbitration rules and shall be administered by the AAA.  The arbitrator shall be required to apply the substantive law of the State of Florida.  The arbitrator shall issue an award containing findings of fact and conclusions of law.  The arbitrator shall have no authority to make an award which could not have been made by a court applying the substantive law of the State of Florida.

e.  Any arbitration award shall be binding, not subject to appeal, and may be reduced to judgment in any Court having jurisdiction over the judgment debtor.

f.  Any claim made related to this Agreement must be submitted on an individual basis only and the parties hereby waive the right to bring or join any type of collective or class claim in arbitration, in any court, or in any other forum.  Sunz reserves all rights to seek to fully enforce this waiver and compel arbitration on an individual basis.  Consolidation of claims absent consent of all the parties to the dispute is also prohibited.  Any claims must be filed within the statute of limitations applicable to filing such claim in court or in an administrative proceeding.  All remedies available through a court or administrative action are available through arbitration.

g.  For purposes of California, and pursuant to CA Insurance Code §11658.5 (2012), nothing in this section is intended to interfere with any authority granted to the Insurance Commissioner of the State of California.

9.  Confirmation of Arbitration and Confirmation of Choice of Law

a.  The Parties have negotiated and agreed that Your Insurance Program is deemed made in the State of Florida and involves interstate commerce.  The choice of arbitration law negotiated pursuant to California Insurance Code section 11658.5 is the laws of the State of Florida.

b.  Any arbitration shall take place in Florida unless the Parties mutually agree in writing to an alternative site.  The choice of arbitration venue negotiated pursuant to California Insurance Code section 11658.5 is Bradenton, Florida.

c.  Program Owner acknowledges Sunz provided it with a "NOTICE OF DISPUTE RESOLUTION TERMS TO BE INCLUDED IN CERTAIN AGREEMENTS PURSUANT TO CALIFORNIA INSURANCE CODE SECTION 11658.5" and the terms of this Agreement reflect the final agreement of Program Owner and Sunz relating to the resolution of disputes under this Agreement.

d.  For purposes of California, no claim coming within the authority of the Insurance Commissioner shall be subject to arbitration.

**B.  LOSS FUND ADMINISTRATION SECTION**

This Loss Fund Administration Section ("Section") addresses the Parties' understanding and Agreement specific to how the Loss Fund for Your Insurance Program will be administered.

Your Insurance Program depends on Your provision and ongoing maintenance of a Loss Fund.  Your promise to provide for and maintain the Loss Fund is a condition precedent to the issuance of any insurance policy and is a requirement of Your Insurance Program.  Thus, Your provision and maintenance of the Loss Fund constitutes further action that is necessary and desirable to carry out the purposes of Your Insurance Program.

Sunz has the sole and unfettered discretion to access the full amount of the Loss Fund and to make use of the full amount of the Loss Fund, as Sunz may determine in its sole discretion, for any purpose related to Your Insurance Program.

1.  Loss Fund Maintenance

a.  Your initial Loss Fund Deposit, to be paid at inception of this Agreement, is set forth above in the Program Summary and Terms.

b.  You agree to maintain a Loss Fund at all times during the Insurance Program.  Your Loss Fund or Minimum Loss Fund shall be the combined amounts of (a) two hundred percent (200%) of open case reserves plus (b) one hundred percent (100%) of the per accident Deductible Amount under the policy.

c.  If Sunz, in its sole discretion, deems there is a material change in the loss experience or risk of Your Insurance Program, Sunz may require, and You agree to provide, additional Loss Fund in an amount set to fully developed loss using the then current advisory loss development factors as established by either (a) the National Council on Compensation Insurance (NCCI), or (b) the applicable rating bureau.

d.  The Parties agree that all Loss Fund payments must be in accordance with the terms provided for herein in order for Sunz to continue to provide the Insurance Policy(ies) related to Your Insurance Program.

e.  Your obligation to maintain the Loss Fund shall be an ongoing obligation.

f.  All Loss Fund payments shall be made by You in cash.

g.  At the end of each month, amounts will be deducted from the Loss Fund in accordance with the provisions of the large deductible endorsement to the policy(ies) that form a part of Your Insurance Program.

2.  <u>Minimum Loss Fund Amount</u>

a.  Your Loss Fund must be maintained at the necessary amount at all times throughout the term of Your Insurance Program.  If the Loss Fund at any time is less than the Minimum Loss Fund, You agree to increase the Loss Fund in the amount necessary to bring the Loss Fund to the required minimum.  This also means possibly increasing your Loss Fund funding rate which is set as a percentage of manual premium in order to avoid Loss Fund from falling below minimum levels if your losses are trending unfavorably.

b.  In the event You receive written notice to increase the Loss Fund, You agree to deliver, within ten (10) business days of the date of written notice, that amount of money necessary to replenish and return the Loss Fund amount to the required minimum amount.

c.  The cancellation of the Insurance Policy(ies) by either You or Sunz will not terminate or otherwise limit the duties and obligations contained in this Agreement.

d.  The cancellation of the Insurance Policy(ies) by either You or Sunz shall result in the Minimum Loss Fund being set to fully developed loss using the then current incurred advisory loss development factors as established by either (a) the National Council on Compensation Insurance (NCCI), or (b) the applicable rating bureau.

e.  If, without Sunz's prior written consent, You sell all or substantially all Your assets, or you terminate or non-renew Your Insurance Program, the Minimum Loss Fund amount shall be set by Sunz, at its sole discretion, to either (1) amounts established by its independent actuary, or (2) fully developed loss using the then current advisory loss development factors as established by either (a) the National Council on Compensation Insurance (NCCI), or (b) the applicable rating bureau.

3.  <u>Loss Fund Applicability</u>:  The Parties agree that any Loss Fund provided by Program Owner in accordance with this Agreement may be applied against losses and premium incurred during any policy year as SUNZ may decide to apply at its sole discretion.

4.  <u>Loss Fund Return</u>

a.  Once Your relationship with Sunz has come to an end and no more workers' compensation insurance policies will be provided, Sunz will return excess Loss Fund beginning eighteen (18) months after the inception date of each policy.  This shall apply to all Loss Fund held for all insurance policies issued in all states.  At its sole discretion, Sunz may return excess loss fund using one of two methods:  (1) based on an actuarial review by its independent appointed actuary, or (2) based on the most current advisory loss development factors as established by either (a) the National Council on Compensation Insurance (NCCI), or (b) the applicable rating bureau, as applied against total case incurred losses and ALAE on all policies issued by Sunz for all time, at the following intervals:

**Months After Policy Inception**

18, 30, 42, 54, 66, 78, 90, 102, 114, and 126

Excess loss fund identified shall be returned to Program Owners within thirty (30) days after period close.

b.  As conditions precedent to the return of Loss Fund, the following requirements must be satisfied:  (1) all policy years on all policies issued by Sunz must have sufficient Loss Fund based on the terms and conditions of Your Insurance Program; (2) all premium audits must be completed and finalized; and (3) You must be in good standing and not in breach of any term or condition of the Agreement.

*ACKNOWLEDGED, AGREED TO AND ACCEPTED:  January 1, 2023*

**Embraceor, LLC; WorkCentric, LLC; WorkCentric 2, LLC; and WorkCentric 3, LLC**

[sign]

By: _____ Sheldon Altschuler _____

Title: _____ President _____

**SUNZ INSURANCE SOLUTIONS, LLC and SUNZ INSURANCE COMPANY**

DocuSigned by:
*Rick Leonard*
AF395F242B28447...

By: _____ Rick Leonard _____

Title: _____ President _____

**Attachment Clause on Following Page**

DocuSign Envelope ID: 62B70CD6-51F6-4F61-9698-CB8B41A2A3BC

**Attachment Clause**

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective                        Policy No.                              Endorsement No.
Insured                                                   Insurance Company

Countersigned by                      _____

                                                       _____

## Amendment to Loss Fund Management Agreement

This Amendment modifies and amends the Loss Fund Management Agreement (the "Agreement") between SUNZ Insurance Company ("SIC"); SUNZ Insurance Solutions, LLC ("SIS"); and the Program Owners.  SIC, SIS, and Program Owners shall be referred to collectively as "The Parties."

The Parties and UWIC agree as follows:

1.      This Amendment is  effective and binding between the Parties as of the date set forth below and continues in force until terminated in writing by the Parties and United Wisconsin Insurance Company ("UWIC").

2.      Only in regard to those polices listed on the Loss Fund Summary as issued by UWIC, UWIC is hereby added as a direct party to the Agreement and not as a third-party beneficiary.  Only in regard to those polices listed on the Loss Fund Summary as issued by UWIC, UWIC hereby has the identical rights under the Agreement as SIC and SIS, without reservation or limitation of any kind.

3.      At all times, any amounts owed and/or collected pursuant to the Agreement regard to those polices listed on the Loss Fund Summary as issued by UWIC are the property of UWIC subject to Program Owner's right under the Agreement.  All funds owed and/or collected pursuant to the Agreement regard those polices listed on the Loss Fund Summary as issued by UWIC are held by SIS or SIC in trust for the benefit of UWIC subject to Program Owner's rights under the Agreement.

4.      SIS and SIC are fiduciaries of UWIC with respect to the accounting, collection and disbursement of all funds received pursuant to the Agreement regard to those polices listed on the Loss Fund Summary as issued by UWIC.

5.      Notwithstanding any of the above, SIS and SIC retain all rights and obligations to directly enforce the Agreement.  The Agreement is otherwise unchanged and remains in full force and effect.

In Witness Whereof, the parties hereto by their respective duly authorized representatives execute this Amendment.

Signature Page and Program Summary Terms on Following Page

*ACKNOWLEDGED, AGREED TO AND ACCEPTED:  <u>January 1, 2023</u>*

**Embraceor, LLC; WorkCentric, LLC;**
**WorkCentric 2, LLC; and WorkCentric 3, LLC**

[sign]  _S. a_____

By:    Sheldon Altschuler

Title:    President

**SUNZ INSURANCE SOLUTIONS, LLC and SUNZ**
**INSURANCE COMPANY**

DocuSigned by:
_Rick Leonard_
AF395F242B28447...

By:    Rick Leonard

Title:    President

**United Wisconsin Insurance Company**

DocuSigned by:
_Eric Halter_
EFDF0F0D5000479...

[sign]

By:    Eric Halter

Title:    Managing Dir. / AF Specialty

**LOSS FUND SUMMARY**

**Insurance Company:**          **UNITED WISCONSIN INSURANCE COMPANY**

| | |
|---|---|
| Estimated Manual Premium | $43,571,126 |
| Loss Fund | 66.00% of Manual Premium |
| Loss Fund Deposit | $0 |
| **Due at Binding** | **$0** |
| **Estimated Post Bind Funding:**<br>Est. Weekly Loss Fund Installments as a % of Manual Premium | 66.00% of Manual Premium |
| **Deductible Reimbursement Payments:   Will be deducted from Loss Fund** | |