# EXHIBIT 4

# GUARANTY FOR THE INSURANCE PROGRAM

This Guaranty is executed and effective as of the Effective Date as defined on the signature page, by the undersigned with a physical address as indicated, referred to herein as "Guarantor."

| | |
|---|---|
| Name: | Sheldon Altschuler |
| Address: | 1900 Reston Metro Plaza, Suite 600, Reston, VA 20190 |
| Email: | sheldon@workcentric.com |

WHEREAS Sunz Insurance Solutions, LLC ("Sunz") and Program Owners (as such term is defined in the Loss Fund Management Agreement and any renewal of such agreement) entered into a Loss Fund Management Agreement and Quotation Agreement (collectively the "Agreements," both in their current form and such renewal agreements as may be executed by the parties thereto) whereby Sunz and Program Owners agreed to the terms and conditions of an insurance program;

WHEREAS Sunz seeks further assurances Program Owners will be able to satisfy its financial obligations to Sunz, both current and ongoing;

WHEREAS Guarantor desires to provide further assurances that Program Owners will be able to satisfy their financial obligations to Sunz related to Program Owners' large deductible workers' compensation insurance program; and

WHEREAS Guarantor desires to provide Sunz with additional collateral and security consistent with and limited to only what is required to be maintained for claims that do not exceed the deductible.

IT IS THEREFORE GUARANTEED THAT:

1. <u>GUARANTY OF PAYMENT</u>.

   A. Guarantor hereby guarantees and becomes surety to Sunz for the full, prompt and unconditional payment of all Liabilities (as defined below), immediately when and as the same shall become due, and the full, prompt and unconditional performance of each term and condition to be performed by Program Owners under the Loss Fund Management Agreement, both in its current form and such renewal agreements as may be executed by the parties. In the event of more than one Guarantor, each shall be jointly and severally liable for the full amount of Liabilities.

   B. This Guaranty is a personal and primary obligation of Guarantor and shall be a continuing inexhaustible Guaranty. This is a guaranty of payment and not of collection. Sunz may require Guarantor to pay and perform its liabilities and obligations under this Guaranty and may proceed immediately against Guarantor without being required to bring any proceeding or take any action against the Program Owners, any other guarantor or any other person, entity or property prior thereto. The liability of Guarantor hereunder is independent to and separate from the liability of Program Owners, any other guarantor or person, and the availability of any other collateral security or funds available for the Liabilities.

2. <u>DEFINITIONS</u>.

   A. "Liabilities" means any and all liabilities or obligations arising under the Loss Fund Management Agreement, any renewal Loss Fund Management Agreement, and arising under any large

    deductible insurance policy(ies), and endorsements thereto (collectively "Insurance Policy(ies)"), issued to Program Owners.

   B. "Event(s) of Default" means any of those acts, events or omissions as set forth in Section 4 of this Guaranty.

3. REPRESENTATION & WARRANTIES. Guarantor represents and warrants to Sunz as follows:

   A. <u>Organization, Powers</u>. Guarantor (i) is an adult individual and is <u>sui juris</u>; (ii) has the power and authority to own its properties and assets and to carry on its business as now being conducted and as now contemplated; and (iii) has the power and authority to execute, deliver and perform, and by all necessary action has authorized the execution, delivery and performance of, all of its obligations under this Guaranty, each agreement to which it is a party, and any other document to which it is a party in connection with the Agreements.

   B. <u>Execution of Guaranty</u>. This Guaranty and each other agreement to which Guarantor is a party related to or in connectionwith the Agreements have been duly executed and delivered by Guarantor. Execution, delivery and performance of this Guaranty and each other agreement to which Guarantor is a party related to or in connectionwith the Agreements will not: (i) violate any of its organizational documents, provision of law, order of any court, agency or instrumentality of government, or any provision of any indenture, agreement or other instrument to which it is a party or by which it or any of its properties is bound; (ii) result in the creation or imposition of any lien, charge or encumbrance of any nature; or (iii) require any authorization, consent, approval, license, exemption of, or filing or registration with, any court or governmental authority.

   C. <u>Obligations of Guarantor</u>. This Guaranty and each other agreement to which Guarantor is a party related to or in connectionwith the Agreements are the legal, valid and binding obligations of Guarantor, enforceable against it in accordance with their terms, except as the same may be limited by bankruptcy, insolvency, reorganization or other laws or equitable principles relating to or affecting the enforcement of creditors' rights generally. Guarantor entered into this Guaranty for commercial purposes.

   D. <u>Litigation</u>. There is no action, suit, or proceeding at law or in equity or by or before any governmental authority, agency or other instrumentality now pending or, to the knowledge of Guarantor, threatened against or affecting Guarantor or any of its properties or rights which, if adversely determined, would materially impair or affect: (i) the value of any collateral securing the Liabilities; or (ii) Guarantor's right to carry on its business substantially as now conducted (and as now contemplated).

   E. <u>No Defaults</u>. As of the date of execution of this Guaranty, Guarantor is not in default in the performance, observance or fulfillment of any of the obligations, covenants or conditions contained herein or in any material agreement or instrument to which it is a party or by which it or any of its properties is bound.

   F. <u>No Untrue Statements</u>. No document, certificate or statement furnished to Sunz by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges all such statements, representations and warranties shall be deemed to have been relied upon by Sunz as an inducement to enter into the Insurance Policy(ies) and Loss Fund Management Agreement with Program Owners including any such renewal Insurance Policy(ies) and renewal Loss Fund Management Agreements.

G. In the event of default under this Guaranty, Guarantor acknowledges, certifies, and promises to stipulate to an automatic confession of judgment in the amount required to bring it into compliance with the terms and conditions of this Guaranty. Further, Guarantor will not assert, plead or enforce against Sunz any defense of waiver, statute of limitation, res judicata, statute of frauds, incapacity, minority, usury or unenforceability that may be available to Guarantor in respect to the matters contained in this Guaranty.

4. <u>EVENTS OF DEFAULT.</u>  The term "Event of Default" means any of the following:

   A. Any event of default as set forth in the Loss Fund Management Agreement or any Insurance Policy(ies) or any renewal of either agreement;

   B. Guarantor's default in the timely performance of any term, agreement or condition in this Guaranty;

   C. If any representation, warranty, certificate, financial statement or other information made or given by the Guarantor is materially incorrect or misleading or omits to state any fact necessary to keep the statements from being materially misleading.

   D. Guarantor expressly acknowledges and agrees that a default in any of the provisions of this Guaranty shall constitute a default in any other agreement which may now or in the future exist between Guarantor and Sunz, and that similarly a breach of any such other agreement between Guarantor and Sunz shall constitute an event of default in this Guaranty.

5. <u>Rights Upon Event of Default</u>

   Upon an Event of Default, all liabilities of Guarantor hereunder shall become immediately due and payable without demand or notice and, in addition to any other rights or remedies provided by law or equity, Sunz may:

   A. Enforce the obligations of Guarantor under this Guaranty;

   B. To the extent not prohibited by and in addition to any other remedy provided by law, setoff against any of the Liabilities any sum owed by Sunz in any capacity to Guarantor whether due or not including, but not limited to, commissions owed by Sunz to Guarantor;

   C. Perform any covenant or agreement of Guarantor in default hereunder (but without obligation to do so) and in that regard, pay such money as may be required or as Sunz may reasonably deem expedient. Any costs, expenses or fees, including reasonable attorneys' fees and costs, incurred by Sunz in connection with the foregoing or in the enforcement of any rights hereunder shall be included in the Liabilities guaranteed hereby, and shall be due and payable on demand, together with interest at the highest rate permitted by law or eighteen percent (18%), whichever is greater, such interest to be calculated from the date of such advance to the date of repayment thereof. Any such action by Sunz shall not be deemed to be a waiver or release of Guarantor hereunder and shall be without prejudice to any other right or remedy of Sunz; or

   D. Obtain judgment upon stipulation by Guarantor, as set forth in this Guaranty.

   Notwithstanding anything to the contrary herein, settlement of any claim by Sunz against Guarantor or under the terms of the Insurance Policy(ies) or Loss Fund Management Agreement, or any renewal of such agreements, whether in any proceeding or not, and whether voluntary or involuntary, shall not reduce the amount due under the terms of this Guaranty, except to the extent of the amount actually paid to Sunz by Guarantor or any other obligated party and legally retained by Sunz in connection with the settlement (unless otherwise provided for herein).

6. <u>MISCELLANEOUS</u>.

   A. <u>Remedies Cumulative</u>.  The rights and remedies of Sunz, as provided herein and in the Loss Fund Management Agreement and related Insurance Policy(ies), and any renewal of such agreements, shall be cumulative and concurrent, may be pursued separately, successively or together, may be exercised as often as occasion therefore shall arise, and shall be in addition to any other rights or remedies conferred upon Sunz at law or in equity.  The failure, at any one or more times, of Sunz to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.  Sunz shall have the right to take any action it deems appropriate without the necessity of resorting to any collateral securing obligations owed to it under this Guaranty, the Loss Fund Management Agreement, any related Insurance Policy(ies) issued to Program Owners, or any renewal of such agreements.

   B. <u>Integration</u>.  This Guaranty, the Loss Fund Management Agreement and the relevant Insurance Policy(ies) issued pursuant to the Loss Fund Management Agreement, including any renewals of such agreements, constitute the sole agreement of the parties with respect to the transaction contemplated hereby and supersede all oral negotiations and prior or contemporaneous writings with respect to the guaranty provided by Guarantor.

   C. <u>Attorneys' Fees and Expenses</u>.  If Sunz retains the services of counsel by reason of an Event of Default hereunder, or on account of any matter involving this Guaranty, all costs of any action at law, suit in equity or arbitration or other proceeding and all reasonable attorneys' fees incurred at all pretrial, trial, appellate, post-judgment and collection levels and such other reasonable expenses so incurred shall forthwith, on demand, become due and payable to the substantially prevailing party and shall be secured hereby.

   D. <u>No Implied Waiver</u>.  Sunz shall not be deemed to have modified or waived any of its rights or remedies hereunder unless such modification or waiver is in writing and signed by Sunz, and then only to the extent specifically set forth therein.  A waiver in one event shall not be construed as continuing or as a waiver of or bar to such right or remedy on a subsequent event.

   E. <u>No Third-Party Beneficiary</u>.  Except as otherwise provided herein, Sunz and Guarantor do not intend the benefits of this Guaranty to inure to any third party and no third party shall have any status, right or entitlement under this Guaranty.

   F. <u>Partial Invalidity</u>.  The invalidity or unenforceability of any one or more provisions of this Guaranty shall not render any other provision invalid or unenforceable.  In lieu of any invalid or unenforceable provision, there shall be added automatically a valid and enforceable provision as similar in terms to such invalid or unenforceable provision as may be possible.

   G. <u>Binding Effect</u>.  The covenants, conditions, waivers, releases and agreements contained in this Guaranty shall bind, and the benefits thereof shall inure to, the parties hereto and their respective heirs, executors, administrators, successors and assigns; provided, however, that this Guaranty cannot be assigned by Guarantor without the prior written consent of Sunz which may be withheld at the discretion of Sunz, and any assignment or attempted assignment by Guarantor without the prior written consent of Sunz shall be void and of no effect with respect to the Sunz.

   H. <u>Modifications</u>.  This Guaranty may not be supplemented, extended, modified or terminated except by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

   I. <u>Jurisdiction and Venue</u>.  If any suit, action or proceeding is brought by or against Sunz with respect to this Guaranty, the parties agree that such suit, action or proceeding may only be brought in the

State Court of Manatee County, State of Florida, or in the United States District Court for the Middle District of Florida and each of the parties to this Guaranty accepts for itself the exclusive jurisdiction of the aforesaid courts. The parties waive irrevocably any objection they may now or in the future have to the venue of any such suit, action or proceeding and irrevocably waive any claim that any such suit, action or proceeding brought in such court has been brought in an inconvenient forum. Guarantor irrevocably consents to service of process in any suit, action or proceeding in such court by the mailing of the pleadings by registered or certified mail, postage prepaid, to Guarantor's address as set forth above.

J.  <u>Notices</u>. All notices and communications under this Guaranty shall be in writing and shall be given by either (a) hand-delivery, (b) first class certified mail return receipt requested (postage prepaid), or (c) reliable overnight commercial courier (charges prepaid), to the addresses listed in this Guaranty. Notice shall be deemed to have been given and received: (i) if by hand delivery, upon delivery; (ii) if by mail, three (3) calendar days after the date first deposited in the United States mail; and (iii) if by overnight courier, on the date scheduled for delivery. A party may change its address by giving written notice to the other party as specified herein.

K.  <u>Governing Law</u>. This Guaranty shall be governed exclusively by and construed solely in accordance with the substantive laws of the State of Florida without reference to conflict of laws principles.

L.  <u>Joint and Several Liability</u>. If Guarantor consists of more than one person or entity, the word "Guarantor" shall mean each of them and their liability shall be joint and several. The liability of Guarantor shall also be joint and several with the liability of any other guarantor under any other guaranty. All defined terms should be equally applicable to both the singular and plural of any of the terms herein defined.

M.  <u>Continuing Enforcement</u>. If, after receipt of any payment of all or any part of the Liabilities, Sunz is compelled or agrees, for settlement purposes, to surrender such payment to any person or entity for any reason (including, without limitation, a determination that such payment is void or voidable as a preference or a fraudulent conveyance, an impermissible setoff, or a diversion of trust funds), then this Guaranty shall continue in full force and effect or be reinstated, as the case may be, and Guarantor shall be liable for, and shall indemnify, defend and hold harmless Sunz with respect to the full amount so surrendered. The provisions of this Section shall survive the termination of this Guaranty and shall remain effective notwithstanding the payment of the Liabilities or this Guaranty, the release of any security interest, lien or encumbrance securing the Liabilities or any other action which Sunz may have taken in reliance upon its receipt of such payment. Any cancellation, release or other such action shall be deemed to have been conditioned upon any payment of the Liabilities having become final and irrevocable.

N.  <u>Waiver of Jury Trial</u>. GUARANTOR AGREES THAT, TO THE EXTENT PERMITTED BY APPLICABLE LAW, ANY SUIT, ACTION OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT BY SUNZ OR GUARANTOR ON OR WITH RESPECT TO THIS GUARANTY OR ANY OF THE AGREEMENTS OR THE DEALINGS OF THE PARTIES WITH RESPECT HERETO OR THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND INTELLIGENTLY, AND WITH THE ADVICE OF COUNSEL, WAIVES, TO THE EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION OR PROCEEDING. FURTHER, GUARANTOR WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER, IN ANY SUCH SUIT, ACTION OR PROCEEDING, ANY SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL OR OTHER DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. GUARANTOR ACKNOWLEDGES AND AGREES THAT THIS SECTION IS A SPECIFIC AND MATERIAL

ASPECT OF THIS GUARANTY AND A SUBSTANTIAL BASIS AND INDUCEMENT FOR SUNZ TO ENTER INTO THE AGREEMENTS AND THIS GUARANTY, OR ANY OF THEM.

7. <u>CONFIRMATION OF ARBITRATION AND CONFIRMATION OF CHOICE OF LAW PURSUANT TO CALIFORNIA INSURANCE CODE SECTION 11658.5</u>.

    A. The Parties have negotiated and agreed that Your Insurance Program is deemed made in the State of Florida and involves interstate commerce.  The choice of arbitration law negotiated pursuant to California Insurance Code section 11658.5 is the laws of the State of Florida.

    B. Any arbitration shall take place in Bradenton, Florida unless the Parties mutually agree in writing to an alternative site.  The choice of arbitration venue negotiated pursuant to California Insurance Code section 11658.5 is Florida.

    C. Program Owner acknowledges Sunz provided it with a "NOTICE OF DISPUTE RESOLUTION TERMS TO BE INCLUDED IN CERTAIN AGREEMENTS PURSUANT TO CALIFORNIA INSURANCE CODE SECTION 11658.5" and the terms of this Agreement reflect the final agreement of Program Owner and Sunz relating to the resolution of disputes under this Agreement.

    D. For purposes of California, no claim coming within the authority of the Insurance Commissioner shall be subject to arbitration.

**Signatures on Following Page**

IN WITNESS WHEREOF, Guarantor(s), intending to be legally bound, has duly executed and delivered this Guaranty Agreement as of Insert Effective Date (the "Effective Date").

**GUARANTOR(S):**

**GUARANTOR NO. 1**

Sign: *S.a_____* (signature)
Printed Name: Sheldon Altschuler
Title: President
Date: Click or tap to enter a date.

**GUARANTOR NO. 2**

Sign:_____
Printed Name:_____
Title:_____
Date:_____

**GUARANTOR NO. 3**

Sign:_____
Printed Name:_____
Title:_____
Date:_____

**GUARANTOR NO. 4**

Sign:_____
Printed Name:_____
Title:_____
Date:_____

**Attachment Clause on Following Page**

## Attachment Clause

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective                       Policy No.                              Endorsement No.
Insured                                     Insurance Company

                           Countersigned by   _____

WC 99 04 53                                                        Guaranty for the Insurance Program
(Ed. 04-22)                                                                              Page 8 of 8