UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNZ INSURANCE SOLUTIONS, LLC,           Case No.: 8:23-cv-02517

    Plaintiff,

v.

DOCKS SUTHERLAND et al.,

    Defendants.

_____/

**CROSS-CLAIM PLAINTIFF'S RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS DOCKS SUTHERLAND AND DAVID HARVEY'S MOTION TO DISMISS CROSSCLAIMS**

    Crossclaim-Plaintiff Sheldon Altschuler, by and through undersigned counsel, responds to the Joint Motion to Dismiss filed by Defendants Docks Sutherland and David Harvey (Doc. 72) as follows:

**I. INTRODUCTION**

    Defendants Sutherland and Harvey seek to avoid the consequences of their own post-merger misconduct by hiding behind boilerplate contract defenses and an inapplicable forum selection clause.

    However, Altschuler's Crossclaim does not arise from the Agreement and Plan of Merger ("Merger Agreement") that documented the August 2021 sale of the

1

WorkCentric entities; rather, they arise from fraudulent inducements, post-merger conduct, and misrepresentations that were independent of and collateral to the Merger Agreement. These actions triggered Plaintiff SUNZ's demand on Altschuler's personal guaranty, giving rise to the claims at issue here.

The Crossclaim is supported by well-pleaded factual allegations, and the Motion to Dismiss should be denied.

## II. THE FORUM SELECTION CLAUSE IN THE MERGER AGREEMENT DOES NOT MANDATE DISMISSAL

Defendants Sutherland and Harvey argue that the crossclaims must be dismissed under the doctrine of *forum non conveniens* because the Merger Agreement between Altschuler and WC Topco LLC (to which Sutherland and Harvey were not personally party) includes a forum selection clause requiring litigation in Delaware.

First, Sutherland and Harvey do not have standing to assert the forum selection clause because they are not party to the Merger Agreement. *Royal Caribbean Cruises Ltd. v. Ooi*, 386 So.3d 218, 221 (Fla. 3d DCA 2023).

Second, the clear language of the forum selection clause in the Merger Agreement is that it is limited to "the interpretation and enforcement of the provisions of this Agreement and, except as otherwise provided therein, any related agreement, certificate or other document delivered in connection herewith…."

Neither Altschuler's Crossclaim nor SUNZ's underlying claims relate to the interpretation and enforcement of the Merger Agreement or any documents delivered in connection with the Merger Agreement. Rather, Altschuler's Crossclaim is based on representations and conduct that occurred outside the contract, particularly while he remained employed by WorkCentric but without control over its finances (Crossclaim, p. 19, para. 16).

Third, Sutherland and Harvey rely on a forum selection clause in the Merger Agreement, but this is not the operative contract for purposes of the claims at issue. Altschuler's Crossclaim arises from Sutherland and Harvey's post-merger conduct in failing to manage WorkCentric's obligations to SUNZ, which in turn triggered a demand on Altschuler's Guaranty. That Guaranty was executed in connection with the SUNZ-WorkCentric insurance program agreements, not the Merger Agreement.

Defendants' argument ignores the fact that the underlying agreement between SUNZ Insurance Solutions and the WorkCentric entities (the agreement that forms the foundation of this entire litigation) contains its own mandatory forum selection clause, designating the United States District Court for the Middle District of Florida as the exclusive venue for any disputes.

In his Crossclaim, Altschuler states, "Sunz alleges Altschuler executed a personal guaranty (the "Guaranty") in favor of Sunz to secure the obligations of the Work Centric Entities under their workers' compensation insurance program

agreements with Sunz" (Crossclaim, p. 18-19, para. 13). Sunz demanded payment of $42,970,771.71 under the Guaranty allegedly due to WorkCentric's default (Crossclaim, p. 19-20, para. 18), based on failures to remit funds, maintain a loss fund, and satisfy creditor obligations (Crossclaim, p. 20, para. 19).

These obligations are governed by contracts that designate this District as the proper venue, not Delaware.

Sutherland and Harvey's alleged misconduct – including mismanaging WorkCentric, failing to meet financial obligations, diverting assets, and rendering the company unable to satisfy its contractual duties to SUNZ (Crossclaim, p. 19, para. 17) – relates directly to the performance of these SUNZ agreements, not to the mechanics of the Merger Agreement.

Additionally, SUNZ, Sutherland, Harvey, and Altschuler are all participating in the litigation in this forum under the auspices of the SUNZ–WorkCentric contract. Fragmenting related claims across jurisdictions would create duplicative litigation and contravene principles of judicial economy and consistency. *See*, *Love's Window & Door Installation, Inc. v. Acousti Eng'g Co.*, 147 So.3d 1064, 1065-66 (Fla. 5th DCA 2014).

Sutherland's and Harvey's conduct gave rise to SUNZ's claim against Altschuler on the Guaranty, which in turn necessitated Altschuler's Crossclaim. Thus, the Crossclaim must be heard in this Court.

## III. THE CROSSCLAIM STATES PLAUSIBLE CLAIMS FOR RELIEF

At this stage of the litigation, the Court must view the Crossclaim in the light most favorable to Altschuler, accept Altschuler's allegations as true, and may only grant the motion to dismiss where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Here, Altschuler's Crossclaim is well-pleaded, and the Motion to Dismiss should be denied. At worst, Altschuler should be granted leave to amend. *See*, *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is 'clear' that 'the complaint could not be saved by any amendment'").

### A. Count III – Fraudulent Misrepresentation Is Properly Pled

Defendants claim that Altschuler has not satisfied Rule 9(b), but this overlooks the totality of the allegations and applicable law.

#### 1. Sufficient Particularity Under Rule 9(b)

Defendants claim a lack of specificity, but Altschuler alleges:

    a.    WHO: that Sutherland and Harvey;

  b. WHAT: assured him that he would not be personally liable beyond his role as Seller's Representative, and that WorkCentric remained financially sound (Crossclaim, para. 15, 30-32);

  c. WHEN: both during negotiations and in the course of the transition period (Crossclaim, para. 15); and,

  d. HOW: Altschuler also alleged that these representations were made verbally and reinforced through business conduct and communications post-closing.

Altschuler also alleged that Sutherland and Harvey made the statements in order to obtain full control of WorkCentric's assets without assuming the associated liabilities and that the statements were proved to be false when WorkCentric defaulted (Crossclaim, para. 17-20).

Moreover, courts recognize that when specific facts of fraudulent statements are peculiarly within the opposing party's knowledge, the Rule 9(b) standard is relaxed. *Hill v. Morehouse Med. Assocs., Inc.*, 2003 WL 22019936 at *3 (11th Cir. Aug. 15, 2003).

Altschuler's allegations in support of his fraudulent misrepresentation claims are sufficiently pleaded to satisfy Rule 9(b).

### 2. Actionable Representations of Existing Fact

Contrary to Defendants' argument, the misrepresentations alleged were not vague predictions. Altschuler alleges that Sutherland and Harvey made statements of then-existing fact, i.e., the adequacy of WorkCentric's assets and their assumption of obligations (Crossclaim, para. 30). Such misrepresentations are actionable. See *Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So. 2d 168 (Fla. 4th DCA 1994).

### 3. Justifiable Reliance Is a Factual Question

Altschuler alleges that he reasonably relied on those assurances when entering into the Guaranty (Crossclaim, para. 31). Whether that reliance was justified is a question of fact that cannot be resolved on a motion to dismiss. *See, Billington v. Ginn-La Pine Island, Ltd.*, 192 So. 3d 77, 79 (Fla. 5th DCA 2016). Further, an integration clause does not bar claims for fraudulent inducement under Florida law. *Id.* at 83.

The fraudulent misrepresentation claim is well-pleaded, and the Motion to Dismiss should be denied.

### B. Count IV – Breach of Fiduciary Duty Is Legally Viable

### 1. Fiduciary Duty Can Arise Outside of Formal Roles

Sutherland and Harvey had exclusive control over WorkCentric's finances and obligations, while Altschuler remained only an employee with no access to company financials (Crossclaim, para. 16). Altschuler continued to bear personal liability

7

under the Guaranty, and Defendants held sole control of the assets meant to satisfy those obligations (Crossclaim, para. 17, 35).

Florida law recognizes that a fiduciary duty may arise by virtue of trust, control, and dependence, even absent a formal role. *See, Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002).

Altschuler alleges that Defendants breached that duty by diverting funds, abandoning obligations, and mismanaging the business, which foreseeably resulted in the default triggering the Guaranty (Crossclaim, para. 17, 36-37).

2. **Factual Disputes Preclude Dismissal**

Whether a fiduciary relationship existed and whether the fiduciary breached his duties are fact-intensive inquiries. The Court should not resolve that question at the pleadings stage, especially where Defendants exercised exclusive financial control over assets for which Altschuler remained liable.

### C. Count V – Equitable Indemnity Is Not Premature

1. **Florida Law Permits Pre-Judgment Pleading of Indemnity**

While equitable indemnity typically accrues upon payment or post-judgment, Florida courts allow pleading of indemnity claims in anticipation of liability where related litigation is pending. *See, Florida Power & Light Co. v. Mid-Valley, Inc.*, 763 F.2d 1316, 1322 (11th Cir. 1985). SUNZ has already demanded payment under the

Guaranty (Crossclaim, para. 18), and litigation on that demand is underway in this case.

### 2. Special Relationship and Misconduct are Well-Pleaded

Altschuler alleges that Sutherland and Harvey had complete control over the company and its obligations and diverted assets, failed to meet obligations, directly causing Altschuler's exposure under the Guaranty (Crossclaim, para. 15-20, 39-40). This is sufficient to plead a special relationship and the type of misconduct that gives rise to equitable indemnity.

### IV. CONCLUSION

Defendants' Motion to Dismiss mischaracterizes the nature of the claims and the controlling legal framework. The Crossclaim is not based on the Merger Agreement, but on Defendants' post-merger misconduct in failing to manage the company in a manner consistent with their representations to Altschuler and with WorkCentric's contractual obligations to SUNZ. Altschuler's claims are directly tied to the SUNZ-WorkCentric relationship, are properly pleaded, and are being pursued in the correct forum. Accordingly, the Court should deny the motion in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2025, the foregoing Motion for Extension of Time has been provided by __ U.S. Mail, postage prepaid; ___ Facsimile; _X_ CM/ECF and/or ___ Hand Delivery to: All parties receiving CM/ECF Notices.

/s/ Heather A. DeGrave
Heather A. DeGrave, Esquire
Florida Bar No. 0756601
Walters Levine & DeGrave
601 Bayshore Boulevard, Suite 720
Tampa, Florida 33606
Phone: (813) 254-7474
Fax: (813) 254-7341
hdegrave@walterslevine.com
jduncan@walterslevine.com