## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SUNZ INSURANCE SOLUTIONS, LLC**,

      Plaintiff,

      v.

**DOCKS SUTHERLAND**, *et al.*,

      Defendants.

No. 8:23-cv-02517-SDM-CPT

## AMENDED ANSWER AND
## AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants Docks Sutherland ("Sutherland") and David Harvey ("Harvey"), by their undersigned counsel, file this Amended Answer and Affirmative Defenses to Amended Complaint, with consent of Plaintiff, stating as follows:[1]

## Parties

1.    Admitted that this is an action against Defendants Embraceor, LLC, WorkCentric, LLC, WorkCentric 2, LLC, and WorkCentric 3, LLC ("WorkCentric") whereby Plaintiff alleges breaches of insurance policies and contracts. Defendants deny all other allegations in this paragraph.

---

[1]    Defendant/Cross-claim Plaintiff Sheldon Altschuler filed a cross-claim against Sutherland and Harvey (ECF No. 69). Sutherland and Harvey moved to dismiss the cross-claim (Doc. No. 72). That motion remains pending, and therefore Sutherland and Harvey do not otherwise respond herein to the Altschuler cross-claim.

2.     Admitted that this is an action against Defendants WC TopCo, LLC and WC Container, LLC. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of the allegations are legal conclusions to which no response is required. To the extent a factual response is required, those allegations are denied.

3.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. Otherwise, admitted.

4.     Admitted that this is an action against Defendants Sutherland and Harvey alleging breach of fiduciary duty or, in the alternative, aiding and abetting breach of fiduciary duty. Plaintiff mischaracterizes the ownership structure of the entity defendants, and therefore the second sentence of Paragraph 4 is denied. The final sentence of Paragraph 4 is admitted.

5.     Admitted that this is an action against Defendants Sutherland and Harvey alleging tortious interference with a written contract. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of this paragraph is denied.

6. Admitted that some of the WorkCentric entities were parties to contracts with Plaintiff. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

7. Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

8. Defendants Sutherland and Harvey are without sufficient information to admit or deny whether "Sunz must continue paying claims," and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of the allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

9. Denied. WorkCentric and WC TopCo, LLC executed certain documents at Plaintiff's demand. Defendants deny that "WorkCentric and WC TopCo, LLC . . . jointly owe Sunz at least $25,800,582.90 as of October 11, 2023."

10. Denied. Defendants conveyed WorkCentric's and WC TopCo, LLC's efforts to make a payment to Plaintiff. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is

required, denied. The remainder of the allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

11.    It is admitted that at some time, Plaintiff provided notices to Defendants. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of the allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

12.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

13.    It is admitted that Sutherland was the owner of WorkCentric Container LLC. Defendants deny the remaining factual allegations in this paragraph. The remainder of the allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

14.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

15.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

16.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

17.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

26.    Admitted.

27.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

28.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

29.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

30.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

31.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

32.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

33.     It is admitted that Defendant Harvey was a manager of each Entity Defendant and that Sutherland was the member of WorkCentric Container LLC. The remainder of allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

34.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are also legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

35.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are also legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

36.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

37.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

38.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

39.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

40.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

41.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

42.    Defendants admit that WorkCentric operated as PEO. Defendants deny the remainder of the allegations.

43.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

44.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

45.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

46.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. This

paragraph also contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

47.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are also legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

48.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are also legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

49.     It is admitted that WorkCentric executed the document attached to the Amended Complaint as Exhibit 1. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

50.    It is admitted that WorkCentric executed the document attached to the Amended Complaint as Exhibit 2. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

51.    It is admitted that WorkCentric executed the document attached to the Amended Complaint as Exhibit 3. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

52.    It is admitted that Defendant Altschuler executed the document attached to the Amended Complaint as Exhibit 4. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The remainder of allegations in this paragraph are legal

conclusions to which no response is required. To the extent a response is required, these allegations are denied.

53.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are also legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

54.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

55.    Admitted.

56.    Admitted.

57.    Admitted.

58.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

59.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

60.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

61.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

62.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

63.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no

further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

64.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

65.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

66.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

67.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

68.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

69.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

70.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

71.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

72.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no

further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

73.     Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

74.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

75.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

76.     To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The

allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

77.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

78.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

79.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

80.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

81.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

82.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

83.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

84.    Denied.

85.    Denied.

86.    Defendants deny that the purchase was "Sutherland's purchase." Defendants otherwise admit the remaining allegations in this paragraph.

87.    Defendants admit the first sentence. Defendants admit that The Immediate Company was the sole member of WorkCentric TopCo, LLC at one time and that Defendant Sutherland was founder and majority shareholder of The Immediate Company. The remaining allegations in the second sentence are ambiguous. Accordingly, Defendants Sutherland and Harvey are without sufficient

information to admit or deny the allegations in the second sentence, and therefore these allegations are denied. Furthermore, the allegations in the second sentence of this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Defendants deny the allegation that Defendant Sutherland is the Immediate Company's president.

88.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

89.     Denied. Furthermore, the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

90.     Defendants admit that WorkCentric provided Plaintiff with a $4 million Letter of Credit from First Horizon Bank. As to the remainder of the allegations, Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

91.     Defendants Sutherland and Harvey are without sufficient information to admit or deny the date alleged, and therefore this allegation is denied. Defendants admit that WorkCentric and Plaintiff discussed the Letter of Credit from First Horizon Bank and a Letter of Credit from First Republic Bank. Defendants deny the remainder of the allegations in this paragraph.

92.    Defendants admit that Defendant Sutherland requested that Plaintiff permit the Letter of Credit from First Horizon Bank expire. Defendants deny the remainder of the allegations.

93.    Defendants admit that Plaintiffs provided Defendants with a draft promissory note. The remaining factual allegations are denied. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

94.    "Alternatively" appears to reference the allegations in Paragraph 93. Defendants' responses to Paragraph 93 are incorporated herein by reference. Defendants admit that "SUNZ proposed cashing the $4 million letter of credit[] for deposit into WorkCentric's Loss Fund account." The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

95.    Denied.

96.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

97.    Denied.

98.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Admitted except as to the date and the allegation that "WorkCentric's Loss Fund deficit had continued to worsen during the intervening period." Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied. Defendants deny that "WorkCentric's Loss Fund deficit had continued to worsen during the intervening period."

104. Denied.

105. Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

106. Admitted except as to the date and the allegation that "Defendants' Loss Fund deficit had continued to worsen during the intervening period." Defendants Sutherland and Harvey are without sufficient information to admit or deny the date or amount in these allegations, and therefore the date and amount are denied. Defendants deny that "Defendants' Loss Fund deficit had continued to worsen during the intervening period."

107.   Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

108.   Defendants admit that Defendant Sutherland identified Defendant Harvey as the signatory for the Entity Defendants. Defendants deny the remainder of the allegations in Paragraph 108, including the date that Plaintiff was notified that Defendant Sutherland identified Defendant Harvey as the signatory for the Entity Defendants.

109.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

110.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. Furthermore, to the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

111.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

112.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

113.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

114.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

115.   Denied.

116.   Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

117.   It is admitted that Harvey executed the document attached as Exhibit 6 to the Amended Complaint on behalf of Defendants Embraceor, LLC, WorkCentric 2, LLC, WorkCentric 3, LLC, and WC TopCo, LLC. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

118.   It is admitted that Harvey executed the document attached as Exhibit 6 to the Amended Complaint on behalf of Defendants Embraceor, LLC, WorkCentric 2, LLC, WorkCentric 3, LLC, and WC TopCo, LLC. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak

for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

119.    Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

120.    Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

121.    Denied.

122.    Admitted except as to the date and the "CEO" allegation. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied. Defendant Sutherland was not the CEO for the entities identified in Exhibit 7 to the Amended Complaint, and therefore that allegation is denied.

123.    Denied. Furthermore, to the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no

response is required. To the extent a response is required, these allegations are denied.

124.  Denied.

125.  Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

126.  Denied.

127.  Admitted to the extent that Defendant Sutherland attempted to negotiate the terms of a potential forbearance agreement with Plaintiff. The remainder of allegations are denied.

128.  Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

129.  To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

130.  Admitted that the parties continued to negotiate. Otherwise, denied.

131.   Admitted that "SUNZ served Notices of Cancellation of the Insurance Policies." Otherwise, denied.

132.   Admitted.

133.   Admitted.

134.   Admitted.

135.   Admitted.

136.   Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

137.   Admitted.

138.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

139.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

140.   Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied. It is unclear whether the document in Exhibit 10 to the Amended Complaint is the same document as what Defendants executed.

141.   Admitted.

142.   It is unclear whether the document in Exhibit 10 to the Amended Complaint is the same document as what Defendants executed. Therefore, this allegation is denied.

143.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

144.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

145.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no

further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

146.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

147.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

148.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

149.    Admitted except as to the date. Defendants Sutherland and Harvey are without sufficient information to admit or deny the date in these allegations, and therefore the date is denied.

150.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

151.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

152.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

153.    To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no

further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

154. Defendants deny the first sentence of this paragraph. The second sentence is admitted.

155. Denied.

156. Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied.

157. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

158. Denied.

159. Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

160. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no

further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

161.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

162.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

163.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

164.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the

extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

165.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

166.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

167.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

168.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no

further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

169.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

170.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

171.   Defendants Sutherland and Harvey are without sufficient information to admit or deny these allegations, and therefore these allegations are denied. To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

172.  Denied.

173.  To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## COUNT I – BREACH OF CONTRACT (FORBEARANCE) – DENIED
(SUNZ v. EMBRACEOR, LLC, WORKCENTRIC, LLC, WORKCENTRIC 2, LLC, WORKCENTRIC 3, LLC, WC TOPCO LLC)

174.  This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

175.  This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

176.  This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

177.  This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

178.  This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

## COUNT II – BREACH OF CONTRACT
## (PLEDGE AGREEMENT) – DENIED
(SUNZ v. EMBRACEOR, LLC, WORKCENTRIC, LLC, WORKCENTRIC 2, LLC, WORKCENTRIC 3, LLC, WC TOPCO LLC, WC CONTAINER, LLC)

179.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

180.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

181.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

182.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

183.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

184.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

185.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

## COUNT III – BREACH OF CONTRACT (LOSS FUND) – DENIED
(SUNZ v. EMBRACEOR, LLC, WORKCENTRIC, LLC, WORKCENTRIC 2, LLC, WORKCENTRIC 3)

186.   This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

187. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

188. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

189. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

190. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

191. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

192. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

## COUNT IV – BREACH OF CONTRACT
## (SECURITY AGREEMENTS) – DENIED
(SUNZ v. EMBRACEOR, LLC, WORKCENTRIC, LLC, WORKCENTRIC 2, LLC, WORKCENTRIC 3, LLC, WC TOPCO LLC)

193. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

194. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

195. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

196. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

197. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

198. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

199. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

200. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

### COUNT V – BREACH OF PROMISSORY NOTE – DENIED
(SUNZ v. EMBRACEOR, LLC, WORKCENTRIC 2, LLC, WORKCENTRIC 3, LLC, WC TOPCO LLC)

201. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

202. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

203. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

204. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

205. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

206. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

207. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

208. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

209. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

## COUNT VI – BREACH OF GUARANTY – DENIED
(SUNZ v. ALTSCHULER)

210. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

211. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

212. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

213. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

214. This claim is not directed to Defendant Sutherland or Harvey and therefore a response is not required.

## COUNT VII – BREACH OF FIDUCIARY DUTY – DENIED/DISMISSED
### (WORKCENTRIC v. SUTHERLAND)

215. This claim was dismissed and therefore a response is not required.

216. This claim was dismissed and therefore a response is not required.

217. This claim was dismissed and therefore a response is not required.

218. This claim was dismissed and therefore a response is not required.

219. This claim was dismissed and therefore a response is not required.

220. This claim was dismissed and therefore a response is not required.

221. This claim was dismissed and therefore a response is not required.

222. This claim was dismissed and therefore a response is not required.

223. This claim was dismissed and therefore a response is not required.

## COUNT VIII – BREACH OF FIDUCIARY DUTY – DENIED/DISMISSED
### (WORKCENTRIC v. HARVEY)

224. This claim was dismissed and therefore a response is not required.

225. This claim was dismissed and therefore a response is not required.

226. This claim was dismissed and therefore a response is not required.

227. This claim was dismissed and therefore a response is not required.

228. This claim was dismissed and therefore a response is not required.

229. This claim was dismissed and therefore a response is not required.

230.   This claim was dismissed and therefore a response is not required.

231.   This claim was dismissed and therefore a response is not required.

232.   This claim was dismissed and therefore a response is not required.

## COUNT IX – AIDING AND ABETTING
## BREACH OF FIDUCIARY DUTY – DENIED/DISMISSED
### (WORKCENTRIC v. SUTHERLAND)

233.   This claim was dismissed and therefore a response is not required.

234.   This claim was dismissed and therefore a response is not required.

235.   This claim was dismissed and therefore a response is not required.

236.   This claim was dismissed and therefore a response is not required.

237.   This claim was dismissed and therefore a response is not required.

238.   This claim was dismissed and therefore a response is not required.

239.   This claim was dismissed and therefore a response is not required.

240.   This claim was dismissed and therefore a response is not required.

## COUNT X – TORTIOUS INTERFERENCE WITH A
## CONTRACTUAL RELATIONSHIP – DENIED
### (SUNZ v. SUTHERLAND, HARVEY)

241.   This paragraph is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants Sutherland and Harvey incorporate their previous responses as though fully set forth herein.

242.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

243.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

244.   Admitted.

245.   Admitted.

246.   To the extent Plaintiff purports to restate, summarize, or interpret the contents of documents, those documents speak for themselves, and therefore no further response is required; to the extent a response is required, denied.

247.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

248.   Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

249.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

250.   The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## AFFIRMATIVE DEFENSES

251.   The Amended Complaint fails to state a claim upon which relief can be granted.

252.   Plaintiff's claim is barred because there is no subject matter jurisdiction.

253.   Defendants reserve for separate motion all objections to jurisdiction, including but not limited to diversity jurisdiction pursuant to 28 U.S.C. § 1332, and all defenses relating thereto, including but not limited to defenses arising under Fed. R. Civ. P. 12(b)(1).

254.   Plaintiff's claim is barred for failure to join a necessary and indispensable party.

255.   Defendants reserve for separate motion all objections and defenses for failure to join a necessary and indispensable party, including but not limited to defenses arising under Fed. R. Civ. P. 12(b)(7) and 19.

256.   Plaintiff's claim is barred because Sunz Insurance Solutions, LLC impaired collateral. By way of non-limiting example, Sunz's operations of

WorkCentric depleted the value of WorkCentric and impaired the enterprise value of WorkCentric.

257.   Plaintiff's claim is barred by the statute of limitations.

258.   Plaintiff's claim is barred because Sunz Insurance Solutions, LLC engaged in fraud. By way of non-limiting example, Plaintiff asserted that certain amounts were owed by the Entity Defendants that were not accurate amounts.

259.   Plaintiff's claim is barred by the doctrine of duress. By way of non-limited example, the Obligors accepted the terms of the Forbearance Agreement and the Pledgors accepted the terms of the Pledge Agreement without a voluntary choice. At the time of acceptance, the Obligors and Pledgors were under financial distress resulting from Plaintiff's wrongful demands for payment. As a result of Plaintiff's allegations of breaching the underlying transactional documents, Obligors and Pledgors had no reasonable alternative cause of action.

260.   Plaintiff's claim is barred by the doctrine of estoppel. By way of non-limiting example, Plaintiff consented to the Entity Defendants making payments in the ordinary course of business, and Harvey's compensation and the payment to Two Baboons, LLC were in the ordinary course of business.

261.   Plaintiff's claim is barred by the doctrine of illegality. By way of non-limiting example, one or more of the contracts at issue are oppressive, unfair, and illegal.

262.   Plaintiff's claim is barred by the doctrine of laches.

263.   Plaintiff's claim is barred by the doctrine of payment. By way of non-limiting example, Plaintiff received payments from, or on behalf of, the Entity Defendants.

264.   Defendants reserve the right to supplement their affirmative defenses and add counterclaims and cross-claims as discovery continues.

WHEREFORE, Defendants respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff, and to award them costs.

Respectfully submitted,
*/s/ Thomas J. Francella, Jr.*
**Thomas J. Francella, Jr., Esquire**
Florida Bar No. 37479
**Scott M. Hare, Esquire**
(Admitted *Pro Hac Vice*)
**Matthew R. Lasky, Esquire**
(Admitted *Pro Hac Vice*)

RAINES FELDMAN LITTRELL LLP
433 Plaza Real, Suite 275
Boca Raton, FL 33432
T: (302) 772-5805

TFrancella@raineslaw.com
SHare@raineslaw.com
MLasky@raineslaw.com

Attorneys for Defendants Docks Sutherland and David Harvey

Date: January 23, 2026