**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SUNZ INSURANCE SOLUTIONS, LLC,

Plaintiff,

Case No.: 8:23-cv-2517-SDM-CPT

v.

DOCKS SUTHERLAND, a/k/a
BENJAMIN PAUL SUTHERLAND, et al.

Defendant.
_________________________________/

**DEFENDANT SHELDON ALTSCHULER'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND INCORPORATED MEMORANDUM OF LAW**

Defendant Sheldon Altschuler ("Altschuler"), files this Reply in support of his Motion for Reconsideration of Order Granting Summary Judgment on Count VI [Doc. 142] and states[1]:

## I. SUNZ Misstates the Applicable Rule 54(b) Standard

SUNZ Insurance Solutions, LLC's ("SUNZ") Response [Doc. 149] largely treats the Motion as though it were brought under Rules 59(e) or 60(b). SUNZ repeatedly cites district court decisions applying Rule 59 considerations to Rule 54(b) motions. SUNZ's Response improperly frames the law as though reconsideration is unavailable unless Altschuler establishes the traditional Rule 59(e) requirements that

[1] This Reply addresses only those issues raised in SUNZ's Response that warrant reply and should not be construed as abandoning any other grounds asserted in the Motion.

there must be an intervening change in controlling law, there is newly discovered evidence, or there is a need to correct clear error or prevent manifest injustice.

Altschuler's Motion expressly relies upon *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024), which held that Rules 59(e) and 60(b) do not govern reconsideration of interlocutory orders. The Eleventh Circuit explained that district courts retain "plenary authority" under Rule 54(b) to reconsider, revise, alter, or amend nonfinal orders before entry of final judgment and further observed that "just because a movant fails to meet those higher standards [applicable to Rules 59(e) or 60(b)] does not mean that reconsideration cannot be had." *Id.* at 1380-81.

## II. <u>The Damages Issue Was Preserved and Is Properly Raised Under Rule 54(b)</u>

SUNZ argues that Altschuler waived the supplemental pleading issue because he did not previously cite Rule 15(d), *Garcia v. M & T Mortgage Corp.*, 980 So.2d 538, 541-42 (Fla. 4th DCA 2008), or *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982). That argument misunderstands both Rule 54(b) and the issue actually presented.

Unlike the movant in *Mays v. U.S. Postal Serv.*, 122 F.3d 43 (11th Cir. 1997), Altschuler does not rely on new evidence or matters outside the summary judgment record. The Motion relies entirely on the record before the Court at summary judgment, including the Amended Complaint, Rule 26 disclosures, and the deposition testimony of SUNZ's corporate representative. The Motion merely identifies additional authority bearing on that existing record.

The issue itself was preserved. In opposing summary judgment, Altschuler specifically argued that SUNZ's Amended Complaint and Initial Disclosures identified only the amounts in the Forbearance Agreement, not the substantially larger figure it later asserted. [Doc. 105 at 11; Doc. 132 at 6, n.2].

SUNZ's Response confirms the point. Rather than dispute that Altschuler challenged the increase at summary judgment, SUNZ argues that the increase was permissible because damages continued to accrue. However, that is not the issue. The issue is whether SUNZ provided Altschuler with notice that the damages continued to accrue and an opportunity to respond and pursue discovery as to those accruing damages. Altschuler respectfully submits that SUNZ did not provide that notice.

Both the May 2025 Amended Complaint and the April 2025 Initial Disclosures continued to identify the $25,800,582.90 damages figure taken directly from the October 2023 Forbearance Agreement. Neither notified Altschuler that SUNZ intended to seek nearly three times the amount identified in those filings or provided a computation supporting such a figure. Thus, the issue is not simply whether damages could accrue after commencement of the action, but whether SUNZ could obtain summary judgment based upon a vastly expanded damages claim that was never reflected in its operative pleading or disclosures.

SUNZ's reliance on *Bogdanoff v. Broken Sound Club, Inc.*, 154 So. 3d 410, 412 (Fla. 4th DCA 2014) and *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 203 F.R.D. 677 (S.D. Fla. 2001) is misplaced. Neither case addresses Rule 15(d), supplemental pleadings, or whether a plaintiff may obtain judgment for

post-commencement damages materially exceeding those identified in its operative pleading and Rule 26 disclosures. At most, those decisions stand for the proposition that future damages arising from the same alleged breach need not be pursued in a separate action. Altschuler does not dispute that proposition. He contends only that SUNZ was required to pursue such damages through the procedural mechanisms provided by the applicable rules, i.e., supplemental pleading with opportunity to respond and pursue discovery as to those supplemental damages.

## III. <u>Conclusion</u>

The Motion asks the Court to exercise the broad authority recognized in *Hornady* to revisit an interlocutory order before entry of final judgment. SUNZ's Response does not establish that reconsideration is unavailable as a matter of law, nor does it demonstrate that Altschuler failed to preserve his challenge to SUNZ's recovery of damages far exceeding the amounts identified in its pleadings and disclosures. The issue presented is straightforward: SUNZ pleaded and disclosed approximately $25.8 million in damages yet obtained summary judgment based on a claim exceeding $72 million. The Motion relies solely on the existing summary judgment record and identifies additional authority bearing on whether such an increase of claimed damages was procedurally permissible absent supplemental pleading. Rule 54(b) affords the Court broad discretion to revisit interlocutory rulings and correct potential errors before entry of a final judgment, and the Court should, therefore, grant the Motion for Reconsideration.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of October, 2026, the foregoing Reply has been provided by __ U.S. Mail, postage prepaid; ___ Facsimile; __X__ CM/ECF and/or ___ Hand Delivery to: All parties receiving CM/ECF Notices.

/s/ Heather A. DeGrave
Heather A. DeGrave, Esquire
Florida Bar No. 0756601
Hahn Loeser & Parks, LLP
601 Bayshore Boulevard, Suite 720
Tampa, Florida 33606
Phone: (813) 254-7474
Fax: (813) 254-7341
hadegrave@hahnlaw.com
jaduncan@hahnlaw.com